# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **Public Employees for** | ) |
| **Environmental Responsibility** | ) |
| | ) |
| | )**Civ. Act. No. 06-0182 (CKK)** |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| **U.S. Dept. of the Interior** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT'S MOTION TO DISMISS
## OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, defendant, the United States Department of Interior (DOI), respectfully moves for summary judgment.  As grounds for this motion, defendant asserts that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. A memorandum of points and authorities, a statement of material facts not in genuine dispute, and a proposed order granting the relief sought are attached hereto.

Respectfully submitted,

_____

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____

RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney

_____

_____

HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Public Employees for** | ) |
| **Environmental Responsibility** | ) |
| | ) |
| | )**Civ. Act. No. 06-0182 (CKK)** |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| **U.S. Dept. of the Interior** | ) |
| | ) |
| **Defendant.** | ) |

**STATEMENT OF MATERIAL FACTS AS TO WHICH**
**THERE IS NO GENUINE ISSUE**

_____Pursuant to Local Rule 7(h), the defendant hereby submits the following material facts as to which there is no genuine dispute:

1.  By letter dated September 1, 2005, plaintiff, Public Employees for Environmental Responsibility (PEER), made a request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking any and all records in the Office of DOI Assistant Secretary for Fish, Wildlife and Parks or offices of subordinate staff containing communications with any party outside of the Federal Government related to the revision of National Parks System (NPS) Management Policies for the period beginning January 1, 2005 through September 1, 2005.  Plaintiff specifically requested letters, memoranda, e-mails, written notes of meetings and telephone conversations between officials of the Assistant Secretary or named subordinates and any party outside of the Federal Government. Complaint ¶¶ 5-6.

2.  On February 13, 2006, DOI replied to plaintiff PEER's FOIA request by sending twenty-one (21) files containing forty-nine (49) pages of records.  Declaration (Decl.) of Lizzette Katilius ¶ 9.

3.  After an additional search/review, on May 4, 2006, DOI released to the plaintiff an additional 25 files totaling 58 pages.  Katilius Decl. ¶ 10.

4.  In addition, the Department decided to make a discretionary release of information which includes government cell phone numbers and identifying and contact information of commenters that had been previously withheld.  This information is to be released on June 6, 2006.  Katilius Decl. ¶ 11.

5.  The Department only withheld parts of five documents – portions of three documents pursuant to Exemption 5 and portions of two documents pursuant to Exemption 6 of the FOIA, 5 U.S.C. § 552(b)(5), and (b)(6).  Katilius Decl. ¶12.

6. Reasonably segregable factual material has been released from these five documents noted above wherever possible, unless such factual information is inextricably intertwined with the deliberative process material, or unless the content of the document would reveal the nature of the deliberative process. Id.  Katilius Decl. ¶18.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney

_____

                    _____
                    HEATHER D. GRAHAM-OLIVER
                    Assistant United States Attorney
                    Judiciary Center Building
                    555 4th St., N.W.
                    Washington, D.C.  20530
                    (202) 305-1334

3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Public Employees for** | ) |
| **Environmental Responsibility** | ) |
| | ) |
| | )**Civ. Act. No. 06-0182 (CKK)** |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| **U.S. Dept. of the Interior** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

In this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff PEER alleges that the United States Department of Interior ("DOI") improperly withheld documents to which PEER is legally entitled. In response to PEER's September 1, 2005, FOIA request, the DOI conducted a careful and thorough search for responsive records and determined that only five (5) documents were withheld in part due to FOIA Exemptions (b)(5) and (b)(6). As the Declaration of Lizzette Katilius ("Katilius" Decl.), attached here as Exhibit 1 and incorporated by reference herein, evidences, DOI's search was adequate and its redacting of information proper under applicable law. Thus, there is no genuine issue as to any material fact and the information plaintiff seeks is exempt from disclosure under applicable FOIA exemptions. The DOI, therefore, is entitled to summary judgment in this action as a matter of law.

## ARGUMENT

### A. Summary Judgment Standard

In a FOIA/PA action, summary judgment is appropriate when, as here, the pleadings, together with the declarations, demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R Civ. P. 56(c); Weisberg v. Department of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). The Court exercises de novo review over FOIA matters, and the burden is on the agency to justify all non-disclosures. 5 U.S.C. § 552(a)(4)(B); Department of Justice v. Reporters Comm. For Freedom of the Press, 489 U.S. 749, 755 (1989). In carrying its burden, agencies may rely on declarations of government officials which courts normally accord a presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in good faith. Oglesby v. Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see Hayden v. National Security Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979). Once the Court determines that the declarations are sufficient, it need not inquire further. Students Against Genocide v. Department of State, 257 F.3d 828, 833 (D.C. Cir. 2001) (In FOIA cases, an agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the Act's inspection requirements'.") (quoting Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978)); see also, Burnes v. CIA, No. 05-242 , U.S. Dist LEXIS 20114 at *2-7 (D.D.C. Sept. 14, 2005) (a copy of the opinion is attached hereto). A court "may award summary judgment [in a FOIA case] solely on the basis of information provided by the department or agency affidavits or declarations." Burns v. CIA, 2005 U.S. Dist LEXIS 20114; see also, Hayden v. National Sec. Agency, 608 F.2d 1381,

2

1386-87 (D.C. Cir. 1979).

Regarding the adequacy of the search, to satisfy the requirements for summary judgment, all the agency need do is produce "an affidavit reciting facts which enable the District Court to satisfy itself that all appropriate files have been searched." Church of Scientology v. IRS, 792 F.2d 146, 151 (D.C. Cir. 1986). "[I]n the absence of countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by FOIA." Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982).

Here, summary judgment should be entered in favor of the DOI because, as Ms. Katilius' Declaration shows, the DOI conducted a reasonable and adequate search and any information that fell within the class of documents plaintiff requested was either produced or is exempt from disclosure under FOIA. Students Against Genocide v. Department of State, 257 F.3d at 833. The Katilius declaration contains reasonable specificity of detail regarding the search and the reasons for the withholding, in part, of the information not produced to plaintiff. The DOI's judgment regarding the production or withholding of documents here objectively survives the test of reasonableness, good faith, specificity, and plausibility.

## B. The DOI's Search Was Entirely Adequate

In FOIA cases, "the Court's inquiry regarding the adequacy of the search focuses on the search itself, not its results." See Burnes v. CIA, No. 05-242, U.S. Dist LEXIS 20114 at *2-7 (D.D.C. Sept. 14, 2005) (attached), citing Weisberg v. United States Dep't of Justice, 240 U.S. App. D.C. 339, 745 F.2d 121, 126 (D.C. Cir. 1982). To fulfill an agency's obligations under FOIA, the agency must demonstrate that it has conducted a "search reasonably calculated to

uncover all relevant documents." Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994). But the search need only be reasonable; it does not have to be exhaustive. Miller v. United States Dept. of State, 779 F.2d 1378, 1383 (8th Cir. 1985). In other words, "[t]he question is not 'whether there might exist any other documents, but rather whether the *search* for those documents was adequate.'" Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (emphasis in original). Merely because an agency is unable to find a particular document a requestor believes that it should have, does not render its search inadequate. Wilbur v. CIA, 355 F.3d 675, 678, (D.C. Cir. 2004); Nation Magazine v. United States Customs Serv., 315 U.S. App. D.C. 177, 71 F.3d 885, 892 n. 7 (D.C. Cir. 1987).

Here, as explained by Ms. Katilius, the DOI, conducted a reasonable, diligent, and adequate search. Under the direction and supervision of the Office of the Secretary, DOI and experienced FOIA Management Specialists analyzed plaintiff's request and determined what DOI components reasonably might be expected to possess responsive records. Katilius Decl. at ¶¶4-6.

The Office of the Secretary coordinated the search for and the review of documents responsive to the plaintiff's request relating to the Department's revision of the NPS Management Policies. DOI operates a decentralized FOIA program, in which the various bureaus, activities, and agency components separately process and respond to FOIA requests addressed to them. As a result, the instant review was conducted with the assistance of other components of the Department. Katilius Decl., ¶¶ 2,3.

The Offices searched included: the Assistant Secretary of Fish, Wildlife, and Parks; Deputy Assistant Secretary Hoffman; White House Liaison; Scheduling Office; Secretary's Chief

of Staff; Office of the Science Advisor; Office of Alaska Affairs; Office of the Associate Deputy

Secretary; Office of the Deputy Secretary; Office of External/Intergovernmental Affairs;

Counselors to the Secretary; Office of Excecutive Secretariat; Regulations; Office of

Congressional and Legislative Affairs; Legislative Counsel; Office of Public Affairs; Assistant

Secretary Policy Management and Budget; and Assistant Secretary of Land and Minerals.

Within NPS, the following specific offices were searched: Office of the Director; Office of the

Deputy Director; Office of Policy; Office of Legislative and Congressional Affairs; and Office of

Correspondence. Katilius Decl., ¶¶ 5-6.

Extensive and repeated file searches were carried out by the Office of the Secretary and

the NPS.  These searches were conducted in good faith and were reasonably calculated to

uncover all relevant documents.  Katilius Decl., ¶ 4.  The Department utilized over twenty-five

employees to search agency records, both manually and by electronic means, for the purpose of

locating responsive documents.  Their search encompassed both paper records (including

telephone logs and appointment schedules) and electronic records (including laptops and

Blackberries).  Katilius Decl., ¶ 7.

In sum, the undisputed evidence demonstrates that the search conducted by the DOI was

reasonable and done in good faith.  The files of each office likely to have records responsive to

the request were searched. Katilius Decl., ¶¶ 4, 5.  Because defendant DOI  has set out detailed

facts  establishing that the search was reasonable, summary judgment on this point should be

granted.

## C.  The DOI Properly Invoked applicable FOIA Exemptions.

As stated in the Katilus Declaration, the DOI only withheld five documents in part

pursuant to FOIA Exemptions (b)(5) and (b)(6).  As set out more fully below, DOI's assertion of these exemptions is justified under the law.

## 1. FOIA Exemption (b)(5)

Exemption 5 of the FOIA, 5 U.S.C. § 552(b)(5), exempts from mandatory disclosure under the FOIA materials consisting of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency."  In the instant case, Exemption 5 was asserted by the DOI to protect information that falls within the deliberative-process privilege.

The Supreme Court has held that Exemption 5 of the FOIA  incorporates the government's deliberative process privilege, the ultimate purpose of which is to prevent injury to the quality of agency decision-making.  NLRB v. Sears Roebuck & Co., 421 U.S. 132, 150-51 (1975). In order for this privilege to be properly invoked, defendant must show first that the document is predecisional, i.e., that it preceded any final agency action on the matter it addresses. To show that a document is predecisional, the agency need not identify a specific final agency decision.  Rather, it is sufficient to establish "what deliberative process is involved, and the role played by the documents in issue in the course of that process."  Coastal States Gas Corp. v. Department of Energy, 617 F.2d 854, 868 (D.C. Cir. 1980).  Second, defendant must show that the document contains deliberative information, i.e., that it makes recommendations or expresses opinions on matters facing the agency.  Mapother v. Department of Justice, 3 F.3d 1533, 1537 (D.C. Cir. 1993); Petroleum Info. Corp. v. Department of the Interior, 976 F.2d 1429, 1434 (D.C. Cir. 1992).  Deliberative documents frequently consist of "advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are

6

formulated." NLRB v. Sears, Roebuck & Co., 421 U.S. at 150. Thus, the exemption covers recommendations, draft documents, proposals, analyses, suggestions, discussions, and other subjective documents that reflect the give-and-take of the consultative process. See Coastal States, 617 F.2d at 866.

In this case, the information to which the deliberative process applies consists of: (1) three lines in an e-mail in which a Department employee asks for advice on how to handle questions from a reporter and whether he is the correct person to deal with the reporter (these lines are contained in two separate e-mail strings and therefore was withheld twice (document 05-00633NPS18 and document 05-00646ga)) and (2) nearly seven lines from another e-mail in which a different Department employee offers her initial opinion about the accuracy and perceived unfairness of an attached "news advisory," offers suggestions for rebuttals, and asks whether a particular method of responding would be appropriate (document 05-00646ft). Katilius Decl., ¶ 14.

These ten lines have been withheld under the deliberative process privilege because they are predecisional and do not reflect a final decision. Instead, they contain requests for guidance and assistance. Moreover, these documents were part of the deliberative process leading to a final response on how to respond to a burgeoning controversy. They were also part of an overall planning framework that lead to revisions in NPS's draft management policies. Additionally, these ten lines include information that could be misleading to an uninformed reader because of possible personal error, and the evident evolution of the process. These lines also reflect incomplete thoughts and views of the authors. Finally, the ten lines do not contain segregable information. Id., ¶ 15. Accordingly, this Court should grant summary judgment on this ground.

## 2. FOIA Exemption (b)(6)

Exemption 6 of the FOIA provides for the withholding of matters contained in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). In a definitive opinion on the meaning of the term "similar files," the Supreme Court held that Exemption 6 "'[was] intended to cover detailed government records on an individual which can be identified as applying to that individual.'" Department of State v. Washington Post Co., 456 U.S. 595, 602 (1982) (quoting H.R. Rep. No. 1497, 89th Cong., 2d Sess. 11, reprinted in 1966 U.S. Code Cong. & Admin. News 2428); New York Times Co. v. NASA, 920 F.2d 1002, 1005 (D.C. Cir. 1990 (en banc). Thus, all information that "applies to a particular individual" meets the threshold requirement for Exemption 6. Department of State v. Washington Post Co., 456 U.S. at 599-603.

In this case, the Department of Interior withheld the following type of information under Exemption 6: (1) less than three lines in an e-mail that detail an employee's physical aliments and medical advice concerning those aliments (document 05-00633NPS10) and (2) three lines on a daily schedule that note three Department employees' use of leave (document 05-00646fz). Katilius Dec., ¶ 17. As this information can "be identified as applying to [a particular] individual," Washington Post Co., 456 U.S. at 602, the information easily satisfies Exemption 6's threshold requirement.

Having established that the withheld information meets the threshold requirement of Exemption 6, a determination must then be made as to whether disclosure would constitute a "clearly unwarranted invasion of personal privacy." This requires a balancing of the public interest in disclosure against the individual privacy interest which would be invaded by release of

8

the information.  See Department of Justice v. Reporters Committee for Freedom of the Press,

489 U.S. 749 (1989) [Reporters Committee]; Department of the Air Force v. Rose, 425 U.S. 352,

372 (1976).

   The privacy interests here are substantial, and the disclosure of personal information

about individuals, such as employee leave schedules and medical ailments, and the like, is simply

not relevant to the public's understanding of the Department of Interior's conduct of its business.

Katlius Dec., ¶ 17.

**CONCLUSION**

   The un-controverted evidence demonstrates that the DOI conducted an adequate search

and properly withheld information exempt under the FOIA.  Accordingly, the DOI respectfully

requests that this Court grant its Motion to Dismiss or in the Alternative for Summary Judgment,

and enter final judgment on behalf of the defendant.


                    Respectfully submitted,



                    _____
                    KENNETH L. WAINSTEIN, D.C. BAR # 451058
                    United States Attorney



                    _____
                    RUDOLPH  CONTRERAS, D.C. Bar #  434122
                    Assistant United States Attorney



                    _____
                    HEATHER D. GRAHAM-OLIVER

9

Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
 (202) 305-1334