# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR <br>     ENVIRONMENTAL RESPONSIBILITY <br><br>     Plaintiff, <br><br>     v. <br><br> DEPARTMENT OF THE INTERIOR, <br>     <u>et al.</u>, <br><br>     Defendants. | Civil Action No. 06-00182(CKK) |

## DECLARATION OF LIZZETTE KATILIUS

I, Lizzette Katilius, hereby declare as follows:

1. I have worked in the Office of the Secretary ("OS"), United States Department of the Interior ("Department") for the past three years (initially as a contractor, and for the last two years as a Federal employee) as a Freedom of Information Act Program Specialist. All information herein is based upon my personal knowledge and/or experience and/or

1

my personal review of plaintiff's Freedom of Information Act ("FOIA") request and documents or upon information furnished to me in my official capacity.

2. The Department operates a decentralized FOIA program, in which the various bureaus, activities, and agency components separately process and respond to FOIA requests addressed to them.

3. Since receiving the FOIA request that is the basis of this litigation, the OS has coordinated the search for, and the review of, documents responsive to the plaintiff's FOIA requests relating to the Department's revision of the NPS Management Policies. This review was conducted with the assistance of other components of the Department.

4. Extensive and repeated file searches were carried out by the OS and the National Park Service ("NPS"). These searches were conducted in good faith and were reasonably calculated to uncover all relevant documents.

5. Within the OS, the following specific offices were searched: Assistant Secretary of Fish, Wildlife, and Parks; Deputy Assistant Secretary Hoffman; White House Liaison; Scheduling Office; Secretary's Chief of Staff; Office of the Science Advisor; Office of Alaska Affairs; Office of the Associate Deputy Secretary; Office of the Deputy Secretary; Office of External/Intergovernmental Affairs; Counselors to the Secretary; Office of Executive Secretariat; Regulations; Office of Congressional and Legislative Affairs; Legislative Counsel; Office of Public Affairs; Assistant Secretary Policy Management and Budget; and Assistant Secretary of Land and Minerals.

6. Within NPS, the following specific offices were searched: Office of the Director; Office of the Deputy Director; Office of Policy; Office of Legislative and Congressional Affairs; and Office of Correspondence.

7. Over twenty-five Department employees have searched agency records, both manually and by electronic means, for the purpose of locating responsive documents. Their search encompassed both paper records (including telephone logs and appointment schedules) and electronic records (including laptops and Blackberries).

8. As part of my official responsibilities, I guided the Department's review of documents produced in response to the plaintiff's FOIA request. I reviewed, and supervised and/or coordinated with employees who also reviewed, each of the documents produced. Those documents that contained exempt material were disclosed to the plaintiff with the exempt portions redacted.

9. As part of my official responsibilities, on February 13, 2006, I sent the plaintiff a response to their FOIA request, which consisted of 21 files totaling 49 pages of records.

10. After an additional search/review, on May 4, 2006, I released to the plaintiff an additional 25 files totaling 58 pages.

11. The Department decided to make a discretionary release of both the government cell phone numbers and the remaining identifying and contact information of commenters that it had previously withheld. This material (consisting of portions of 20 files) was released on June 6, 2006.

12. The Department now is only withholding five documents in part – portions of three documents pursuant to Exemption 5 and portions of two documents pursuant to

Exemption 6 of the FOIA, 5 U.S.C. § 552(b)(5), and (b)(6). I personally reviewed each of these documents.

13. Exemption 5 protects inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency. The documents withheld in part under Exemption 5 are all internal documents; they were all created within and circulated entirely within the Department and its components.

14. The only information that has been withheld under Exemption 5 is: (1) three lines in an e-mail in which a Department employee asks for advice on how to handle questions from a reporter and whether he is the correct person to deal with the reporter (these lines are contained in two separate e-mail strings and therefore was withheld twice (document 05-00633NPS18 and document 05-00646ga)) and (2) nearly seven lines from another e-mail in which a different Department employee offers her initial opinion about the accuracy and perceived unfairness of an attached "news advisory," offers suggestions for rebuttals, and asks whether a particular method of responding would be appropriate (document 05-00646ft).

15. These ten lines have been withheld under the deliberative process privilege. They are predecisional and do not reflect a final decision. Instead, they contain requests for guidance and assistance. Moreover, these documents were part of the deliberative process leading to a final response on how to respond to a burgeoning controversy. They were also part of an overall planning framework that lead to revisions in NPS's draft management policies. Additionally, these ten lines include information that could be misleading to an uninformed reader because of personal error or evolution of the

preparations. Additionally, these ten lines reflect the incomplete thoughts and views of their authors. The ten lines have been carefully reviewed, and it has been determined that they do not contain segregable material.

16. Exemption 6 permits the government to withhold all information that applies to a particular individual when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy.

17. The only information that has been withheld under Exemption 6 is: (1) less than three lines in an e-mail that detail an employee's physical aliments and medical advice concerning those aliments (document 05-00633NPS10) and (2) three lines on a daily schedule that note three Department employees' use of leave (document 05-00646fz). Individuals have a privacy interest in their use of leave. The potential harm from disclosure is not large, but there would be a small invasion of privacy. On the other hand, the disclosure of the timing of the use of leave by of Department employees would not reveal anything about the conduct the Department. Public interest in this information therefore does not outweigh the individuals' privacy interests, so the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy.

18. Reasonably segregable factual material has been released from all of the documents noted above wherever possible, unless such factual information is inextricably intertwined with deliberative process material, or unless the content of the document would reveal the nature of the deliberative process.

19. In some instances, the Department released documents to plaintiff although they were exempt from disclosure under the FOIA. When the Department did so, it gave full and

5

deliberate consideration to the interests underlying applicable exemptions and released them in the exercise of its discretion.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of June, 2006.

_____
Lizzette Katilius
Office of the Secretary
Department of the Interior