**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PUBLIC EMPLOYEES FOR | ) | |
| ENVIRONMENTAL RESPONSIBILITY | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | **Civil Action No. 06-0182 (CKK)** |
|     v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF INTERIOR, | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND**
**AUTHORITIES IN OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Presently before the Court is Defendant U.S. Department of Interior's (DOI) Motion to

Dismiss[1] or for Summary Judgment and Plaintiff PEER's Cross Motion for Summary Judgment.

This Memorandum provides information and argument in support of PEER's Motion while

contesting DOI's request for summary judgment.


**I.      Plaintiff's Response to DOI's Statement of Material Facts**

Pursuant to Local Rule 7(h), PEER provides the following responses to DOI's statement

of material facts.

        1.      Admit.

        2.      Admit.

        3.      Admit.

---

[1] DOI has not advanced an argument in support of a motion to dismiss pursuant to Rule 12 or any other standard.  Thus, DOI was required to file an Answer as ordered by the Court.

4.    Admit.

5.    Deny.

6.    Deny.

**II.    Plaintiff's Statement of Material Facts for which there is No Genuine Dispute**

Pursuant to Local Rule 7(h), PEER provides its statement of material facts for which there is no genuine issue of dispute.

1. On **September 1, 2005**, Public Employees for Environmental Responsibility (PEER) filed a request for documents with the United States Department of the Interior (DOI) pursuant to the Freedom of Information Act (FOIA).  Specifically, PEER requested that the agency provide all documents in connection with the efforts of the office of the Assistant Secretary for Fish, Wildlife and Parks to revise the Management Policies of the National Park Service" from January 1, 2005 until August 31, 2005.  Exhibit 1 at 1.

2. On **September 9, 2005**, DOI sent a letter to PEER acknowledging receipt on September 7 of PEER's September 1 FOIA request.  DOI stated in its response that, because it would "need to consult with one or more offices of the Department in order to process [the] request, the Office of the Secretary FOIA office [was] taking a 10-working-day time extension, under 43 CFR 2.13, in order to properly process [the] request."  The letter also stated that PEER could "expect to hear back from [DOI] shortly with respect to the outcome of these file searches."  Thirty working days from

2

September 7 (the date the request was received by DOI) was October 20, 1995.

PEER received no further communication from DOI regarding the matter.  Exhibit 1.

3.   On **December 13, 2005**, PEER sent a letter to DOI informing the agency that it

was construing the agency's failure to respond as a denial of its request, pursuant to

43 CRF 2.12, and that it was appealing the denial, pursuant to 43 CFR 2.28.  Exhibit

1 at 4.

4.   On **December 29, 2005**, PEER received a letter from DOI acknowledging receipt

of PEER's December 13 letter of appeal.  DOI also acknowledged its duty under

FOIA to make a determination on an appeal within 20 working days after receipt of

such appeal.  Twenty working days from December 19 was on or about January 17,

2006.  The agency stated that it would "make every effort to reach a decision on

[PEER's] appeal within this time limit."  However, PEER received no further

communication from DOI regarding its appeal within the statutory time limit.  *Id*.

5.   On **February 2, 2006**, PEER filed a Complaint for Injunctive and Declaratory

Relief, asking the Court to: (a) declare that DOI violated FOIA; (2) compel DOI to

produce the requested documents; ( c) award PEER all costs and attorneys' fees; and

(d) provide such other relief as may be just and appropriate. Docket (Dkt) # 1.

3

6.  On **February 13, 2006**, five months after acknowledging receipt of PEER's FOIA request, DOI sent PEER a CD-ROM disk containing 21 files totaling 49 pages in response to PEER's September 1, 2005 request for documents.  In the accompanying letter, DOI cited "an extremely heavy workload" and a "shortage of staff" as the reasons for the delayed response.  The letter also described three sets of information that the agency had withheld from the produced documents and cited the FOIA exemptions pursuant to which it was authorized to do so.  Exhibit 1 at 5 - 9.

7.  On **February 14, 2006**, DOI's FOIA Appeals Officer sent a letter to PEER stating that it considered DOI's February 13, 2006 response to PEER's September 1, 2005 request for documents to have "resolve[d] the issue in the appeal of a failure to respond" and that "the Department [was] closing its files on this matter."  Exhibit 1 at 10.

8.  On **March 15, 2006**, DOI filed a Motion for Extension of Time to File an Answer to PEER's Complaint.  Dkt # 3.  The motion was granted by the Court on March 24, 2006 and DOI was given until April 13, 2006 to file an answer.  Minute Order Entry, March 24, 2006.

9.  On **March 30, 2006**, PEER sent DOI a letter stating that it believed that the documents provided by DOI in response to PEER's September 1, 2005 FOIA request were insufficient.  Exhibit 2 at 1 - 2.

4

10. On **April 11, 2006**, DOI filed a Second Motion for Extension of Time to File an Answer to PEER's Complaint. The motion was granted by the Court on the same day and DOI was given until June 8, 2006 to file its Answer and Motion for Summary Judgment. Minute Order Entry, April 11, 2006.

11. To date, DOI has failed or refused to file and Answer.

12. On **May 4, 2006**, DOI sent PEER a CD-ROM disk containing an additional release of records in response to PEER's September 1, 2005 FOIA request. Exhibit 1 at 11.

13. On **May 9, 2006**, DOI sent PEER a CD-ROM disk containing an additional release of records in response to PEER's September 1, 2005 FOIA request. Exhibit 1 at 13.

14. On **June 6, 2006**, DOI sent PEER a CD-ROM disk containing an additional release of records in response to PEER's September 1, 2005 FOIA request. Exhibit 1 at 14.

15. On **June 6, 2006** DOI filed a Motion to Dismiss or in the Alternative for Summary Judgment. Dkt # 5.

5

16. DOI provided PEER with four documents that were incomplete based upon the assertion of FOIA Exemptions 5 and 6.  Exhibit 3.

17.  DOI also provided documents that appear to have information redacted for which no exemption is asserted.  Exhibit 4.

18.  DOI has engaged in and continues to engage in a policy and practice that violates FOIA by failing to meet statutory deadlines and failing to properly assert "unusual circumstances" that would entitle the agency to appropriate and definitive extensions of time.  See, FOIA, 5 U.S.C. § 552(a)(6)(B)(ii) and (iii).

19.  As a public interest advocacy organization that relies upon the receipt of timely information in pursuing its mission, PEER is injured by DOI's practice.  See, PEER's website (www.peer.org) providing "Breaking News" and informing the public about a number of "Campaigns" that involve efforts to reform policies or practices of DOI.

# <u>ARGUMENT</u>

**III.    DOI Engages in a Policy and Practice that Violates FOIA by Illegally Delaying Its Response to PEER's Request Until Suit is Filed**

DOI did not substantively respond to PEER's FOIA request until more than five months after it acknowledged receipt of the request.  DOI's substantive response to PEER's FOIA came within eleven days of PEER initiating this litigation.

DOI sought delays from PEER and this Court in order to provide documents to PEER so it could then claim it had complied with FOIA.  DOI has even taken the bold step of refusing to admit or deny the allegations in PEER's Complaint by failing to file an Answer.  Although there can be no legitimate challenge to the facts demonstrating DOI's blatant violation of FOIA in this instance, admitting or denying the allegations in PEER's Complaint would have made the agency's violations more obvious.  This strategy serves to allow DOI to put off responses to legitimate FOIA requests until the party seeking records is able to file suit.

This Circuit and others have addressed circumstances where agencies have employed impermissible practices in order to circumvent FOIA and violate the rights of requests with apparent impunity.  See, *e.g.*, *Payne Enter., Inc. v. United States*, 837 F.2d 486 (D.C. Cir. 1988); *Long v. IRS*, 693 F.2d 907 (9th Cir. 1982).   In the instant case, DOI has illegally delayed its response to PEER's FOIA until after it was sued.  Once litigation was filed, DOI delayed the litigation while finally attempting to fully comply with FOIA.  By employing this approach, DOI hopes to avoid PEER being declared a "prevailing party" in order to recover attorneys' fees and costs.  Such tactics are contrary to the letter and spirit of FOIA.

7

Voluntary cessation of the illegal conduct alone does not resolve this litigation because PEER is contesting DOI's illegal practices. *Payne*, 837 F.2d at 491 - 492; *Long*, 693 F.2d at 909 - 910. Those practices are bound to be repeated if this Court does not award relief to PEER permanently enjoining such conduct. This Court is empowered to enforce FOIA's mandatory requirements and prevent abuses.

**IV.    DOI has Improperly Invoked FOIA Exemption 5**

DOI has withheld portions of at least three documents pursuant to FOIA Exemption 5. Exhibit 3 at 1 - 9. DOI is withholding portions of the referenced documents because it claims they are subject to the "deliberative process privilege because they are predecisional . . . these documents were part of the deliberative process leading to a final response on how to respond to a burgeoning controversy." DOI Memo at 7.

The first two documents are the same and reflect e-mail communication regarding an inquiry by a the editor of a news publication. Exhibit 3 at 1 - 6. DOI argues that these documents can be redacted because "they contain requests for guidance and assistance." DOI Memo at 7. However, Exemption 5 is applied only to those portions of a document that contain opinion or recommendations. *Coastal States Gas Corp. v. Dept. of Energy*, 617 F.2d 854, 867 (D.C. Cir. 1980); *ITT World Comm. v. FCC*, 699 F. 2d 1219, 1236 (D.C. Cir. 1983). In the context of the documents at issue, it does not appear that predecisional or deliberative opinion or recommendations are being offered. See, Exhibit 3 at 1, 4.

Moreover, DOI has released documents with similar discussions regarding interactions and approaches with the media. For example, in one document (05-00646fy) DOI employees are

discussing a letter to the editor of the New York Times.  Exhibit 5.  In one part of the e-mail exchange and employee asks "Do you think we should do a little longer version which includes the fact that we will be getting more filed input . . ."  Exhibit 5 at 1.  The response indicates that longer versions will be done and supplied to other papers.

The third document is an e-mail exchange regarding participation in a National Park Service retirees' press conference regarding the retirees objections to a draft policy they obtained that would significantly alter management of our national parks.  Exhibit 3 at 7 - 9.  The portions of the document that are redacted appear to be sections where the writer (Lisa Harrison) is indicating factual observations that others should make during the retirees' press conference.  Exhibit 3 at 7.   The suggestions Ms. Harrison makes are reviewed and approved in an e-mail reply by National park Service Deputy Director Steve Martin.  He states, in part, "all your points are good."  *Id*.   It is clear that the facts or other information Ms. Harrison emphasized were intended to be revealed during the press conference.  Therefore, the redacted portions of this e-mail are not deliberative and should not be concealed.

### V.    DOI Appears to Have Redacted Information from Some Documents Without Indicating Any FOIA Exemption

Finally, there are several documents that appear to have been subject to redactions without indication of any basis or exemption.  See, *e.g*., Exhibit 4.  DOI document 05-00646fu is an e-mail that appears to have recipients listed on the cc or bcc lines redacted.  Exhibit 4 at 1 - 2.

Similarly, DOI document 05-00646fz is missing a listing of recipients in the "to" and "cc" lines.  Exhibit 4 at 4.  No rationale is given for the redaction of these documents.

## **CONCLUSION**

The DOI has boldly disregarded the FOIA process. This Court should find that the agency has intentionally violated FOIA and issue an injunction prohibiting the agency from engaging in like practices in the future. In addition, DOI has improperly applied Exemption 5 and failed to apply exemptions to some documents that appear to be redacted. The Court should order release of the documents improperly exempted and order release of complete documents in those cases where documents were redacted but no exemption was invoked.

In light of these rulings, the Court should declare PEER to be the prevailing party and award all attorneys' fees and costs of litigation.

Respectfully submitted,


/s/
Richard E. Condit
D.C. Bar #417786
Public Employees for Environmental Responsibility
2000 P Street, NW, Suite 240
Washington, D.C. 20036
Tel. 202.265.7337 x.231
Fax 202.265.4192

Counsel for PEER