

**United States Department of the Interior**
OFFICE OF THE SECRETARY
Washington, DC 20240



September 9, 2005

Mr. Jeff Ruch
Public Employees for Environmental Responsibility
2001 S Street, N.W., Suite 570
Washington, D.C. 20009

Dear Mr. Ruch:

On August 31, 2005, you filed a Freedom of Information Act (FOIA) request in which you requested:

> "documents in connection with the efforts of the office of the Assistant Secretary for Fish, Wildlife and Parks to revise the Management Policies of the National Park Service.
> Please provide PEER with copies of all documents in that office, or the offices of subordinate staff, including but not limited to Mr. Paul Hoffman, Director Fran Mainella and Deputy Director Steve Martin, of any communications with any party OUTSIDE of the Federal Government and related to the revision of NPS Management Policies. PEER seeks such documents for the period beginning January 1, 2005 and until the date of this letter."

Your request was received in the Office of the Secretary FOIA office on September 7, 2005, and assigned control number **OS-2005-00633**. Please cite this number in any future correspondence or communications with the Office of the Secretary regarding your request.

With respect to your request:

1. We have classed your request as an "other-use request." As an "other-use requester," you are entitled to receive 2 hours search time and 100 pages of duplication of responsive records without charge before being asked to pay for document search and reproduction. As a matter of policy, however, the Department of the Interior does not bill requesters for FOIA fees incurred in processing requests when their fees do not exceed $30.00, because the cost of collection would be greater than the fee collected. See 43 CFR 2.18(a).

1

Exhibit 1 - DOI Correspondence   Page 1 of 14

However, you have asked for a waiver of all FOIA processing fees. We are considering your request for a fee waiver. If we determine that your request does not qualify for a fee waiver, we shall advise you, accordingly. Meanwhile, be advised that, in the interim, we cannot process your request beyond your "other-use" entitlements.

2. You have asked for copies of agency records. According to our regulations, you may choose the form or format of disclosure for records that you request under the FOIA. 43 CFR 2.9. Please be advised that unless you specify otherwise, the Office of the Secretary will provide copies of responsive records in electronic format, as scanned images (in TIF format) on a CD ROM disk, unless the number of responsive records is less than 50 pages.

3. Because we will need to consult with one or more offices of the Department in order to process your request, the Office of the Secretary FOIA office is taking a 10-working-day time extension, under 43 CFR 2.13, in order to properly process your request.

4. Given the nature of the records you requested, your request has been forwarded to 1) the office of the Assistant Secretary for Fish, Wildlife and Parks for a search of its files for records responsive to your request; and 2) the Secretary's Automated Correspondence Control System. You may expect to hear back from us shortly with respect to the outcome of these file searches.

In the interim, if you have any questions regarding any of the issues discussed in this letter, you may contact Lizzette Katilius by phone at (202) 565-1109, by fax at (202) 219-2374, by e-mail at osfoia@nbc.gov, or by mail at U.S. Department of the Interior, MS 1413 MIB, Washington, D.C. 20240. Within the Office of the Secretary, we are committed to providing you, our customer, with the highest quality of service possible.

Sincerely,

Sue Ellen Sloca
Office of the Secretary
FOIA Officer

***PRIVACY ACT notice:*** *Before you choose to contact us, electronically, there are a few things you should know. The information you submit, including your electronic address,*

*may be seen by various people. We will scan a copy of your request into our electronic OS FOIA administrative/image file. We will key the information that you provide to us into our electronic OS FOIA tracking file. We may share it with other individuals, both within and without the Department, involved in Freedom of Information Act administration. You may be contacted by any of these individuals. In other limited circumstances, including requests from Congress or private individuals, we may be required by law to disclose some of the information you submit. Also, e-mail is not necessarily secure against interception. If your communication is very sensitive, or includes personal information like your bank account, charge card, or social security number, you might want to send it by postal mail, instead.*



United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240

IN REPLY REFER TO:
FOIA Appeal No. 2006-061

DEC 2 9 2005

Jeff Ruch
Public Employees for
   Environmental Responsibility
2001 S Street, NW, Suite 570
Washington, DC 20009

Dear Mr. Ruch:

This concerns your December 13, 2005, Freedom of Information Act ("FOIA") appeal ("appeal") to the Department of the Interior ("Department"), which was received on December 19, 2005, and filed on behalf of Public Employees for Environmental Responsibility. Your appeal has been assigned **Appeal Number 2006-061**. Please cite this number in any future correspondence you send to the Department regarding this appeal.

The FOIA requires an agency to make a determination on an appeal within 20 workdays after the receipt of such appeal. *5 U.S.C. § 552(a)(6)(A)(ii)*. The Department will make every effort to reach a decision on your appeal within this time limit.

If you have any questions regarding your appeal, you may contact LaRima Lane at (202) 208-5339.

Sincerely,

Darrell R. Strayhorn
FOIA Appeals Officer
Department of the Interior

Exhibit 1 - DOI Correspondence   Page 4 of 14



# United States Department of the Interior

OFFICE OF THE SECRETARY
Washington, D.C. 20240

February 13, 2006

**Via Certified Mail/RRR** (7003 2260 0001 8054 0211)
Mr. Jeff Ruch
Public Employees for Environmental Responsibility
2001 S Street, N.W., Suite 570
Washington, D.C. 20009

Dear Mr. Ruch:

On September 1, 2005, you filed Freedom of Information Act (FOIA) request **OS-2005-00633** in which you requested:

> "documents in connection with the efforts of the office of the Assistant Secretary for Fish, Wildlife and Parks to revise the Management Policies of the National Park Service. Please provide PEER with copies of all documents in that office, or the offices of subordinate staff, including but not limited to Mr. Paul Hoffman, Director Fran Mainella and Deputy Director Steve Martin, of any communications with any party OUTSIDE of the Federal Government and related to the revision of NPS Management Policies. PEER seeks such documents for the period beginning January 1, 2005 and until the date of this letter."

On September 9, 2005, I acknowledged your request, advised you of your fee classification, and notified you that your request was forwarded to the 1) the office of the Assistant Secretary for Fish, Wildlife and Parks for a search of its files for records responsive to your request; and 2) the Secretary's Automated Correspondence Control System.

Please accept our most sincere apologies for the delay in acknowledging your FOIA request. An extremely heavy workload in the Office of the Secretary FOIA office, together with a shortage of staff, has created a backlog of FOIA requests waiting to be processed in the Office of the Secretary. We regret this delay and have taken steps to provide you with better service in the future. In the meantime, we are doing our best to cope with current customer needs.

We are writing today to respond to your request.

With respect to your request:

1. Response to Request

Enclosed you will find one CD-ROM disk containing 21 files totaling 49 pages.

1

Exhibit 1 - DOI Correspondence Page 5 of 14

2. Deleted from one document, pursuant to Exemption 5 of the FOIA (5 U.S.C. § 552 (b)(5)), are the following categories of information:

**Inter-agency correspondence containing analysis and commentary regarding this issue.**

*Predecisional and Deliberative Process Privilege*

Exemption 5 allows an agency to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency." 5 U.S.C. § 552 (b)(5). As such, the privilege "exempt[s] those documents . . . normally privileged in the civil discovery context." National Labor Relations Bd. v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975) (NLRB). The exemption incorporates several of these privileges from discovery in litigation, including the deliberative process privilege. Id.

The deliberative process privilege "protects the decisionmaking process of government agencies" and "encourages the frank discussion of legal and policy issues" by ensuring that agencies are not "forced to operate in a fish bowl." Mapother v. United States Dept. of Justice, 3 F.3d 1533, 1537 (D.C. Cir. 1993) (quoting Wolfe v. United States Dept. of Health & Human Services, 839 F.2d 768, 773 (D.C. Cir. 1988) (en banc)) (Mapother). Three policy purposes have been advanced by the courts as the bases for this privilege: (1) to encourage open, frank discussions on matters of policy between subordinates and superiors; (2) to protect against premature disclosure of proposed policies before they are finally adopted; and (3) to protect against public confusion that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action. See, e.g., Russell v. United States Dept. of the Air Force, 682 F.2d 1045, 1048 (D.C. Cir. 1982) (Russell); Coastal States Gas Corp. v. United States Dept. of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980).

The deliberative process privilege protects materials that are both predecisional and deliberative. Mapother, 3 F.3d at 1537; Access Reports v. United States Dept. of Justice, 926 F.2d 1192, 1195 (D.C. Cir. 1991); Vaughn v. Rosen, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975). A "predecisional" document is one "prepared to assist an agency decisionmaker in arriving at his decision," and may include "recommendations, draft documents, proposals, suggestions, and other subjective documents that reflect the personal opinions of the writer rather than the policy of the agency." Maricopa Audubon Society v. United States Forest Serv., 108 F.3d 1089, 1093 (9th Cir. 1997). A predecisional document is part of the "deliberative process" if "the disclosure of the material would expose an agency's

2

Exhibit 1 - DOI CorrespondencePage 6 of 14

decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." Id.

The portion of the document that has been withheld pursuant to Exemption 5 does not contain or represent formal or informal agency policies or decisions. The contents have been held confidential by all parties. Public dissemination of this information would most certainly have a chilling effect on the agency's deliberative processes. It would expose the agency's decision-making process in such a way as to discourage candid discussion within the agency and thereby undermine its ability to perform its mandated functions.

3. Deleted from some of the documents enclosed, pursuant to Exemption 6 of the FOIA (5 U.S.C. § 552 (b)(6)), are the following categories of information pertaining to the individuals named in the records:

   **Cellular Telephone numbers; and**
   **Personal e-mail addresses;**
   **Residential addresses; and**
   **Personal Telephone numbers.**

Exemption 6 allows an agency to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. §552(b)(6). The courts have held that the phrase "similar files" involves all information that applies to a particular person.

When disclosure of information about particular individuals is requested, the courts have decided that it is necessary for us to determine whether release of the information would constitute a clearly unwarranted invasion of the individual's privacy.

To make this determination, we are required to perform a "balancing test." This means that we must weigh the individual's right to privacy against the public's right to disclosure.

   (1) First, we must determine whether the individual has a discernable privacy interest in the information that has been requested.
   (2) Next, we must determine whether release of this information would serve "the public interest generally" (i.e., whether it would "shed light on the performance of the agency's statutory duties").
   (3) Finally, we must determine whether the public interest in disclosure is greater than the privacy interest of the individual in withholding.

Exhibit 1 - DOI CorrespondencePage 7 of 14   3

The information that we are withholding consists solely of the above categories of information pertaining to the individuals named in the records. The Office of the Secretary has determined that the individuals to whom this information pertains have a substantial privacy interest in it. Additionally, we have determined that the disclosure of this information would shed little or no light on the performance of the agency's statutory duties and that, on balance, the public interest to be served by its disclosure does not outweigh the privacy interest of the individuals in question, in withholding it.

In short, we have determined that release of the information that we have withheld would constitute a clearly unwarranted invasion of the privacy of these individuals, and that, therefore, it may be withheld pursuant to Exemption 6.

4.  Deleted from some of the documents enclosed, pursuant to Exemption 2 of the FOIA (5 U.S.C. § 552 (b)(2)), is the following information:

**Government Issued Cellular Telephone Numbers**

Exemption 2 exempts from mandatory disclosure records that are "related solely to the internal personnel rules and practices of an agency." Courts have interpreted the exemption to encompass two categories of information, internal matters of a relatively trivial nature ("low 2" information) and more substantial internal matters, the disclosure of which would risk circumvention of a legal requirement ("high 2" information).

*Cellular Telephone Numbers*

Two courts have held that telephone numbers constitute trivial administrative matters with no genuine public interest. Hale v. Department of Justice, 973 F.2d 894, 902 (10th Cir. 1992); Voinche v. Federal Bureau of Investigations, 46 F. Supp. 2d 26, 30 (D.D.C. 1999). The redacted information pertains to the numbers assigned to the cellular phone numbers provided to federal employees by the government. The release of this information would not shed significant light on an agency personnel rule or practice; nor does the public have a substantial interest in the redacted information. Finally, the information redacted bears no relation to the substantive contents of the records released. Therefore, we have determined that government cellular phone numbers fall under the category of information withholdable under Exemption 2.

Robin Friedman, Attorney-Advisor with the Office of the Solicitor, was consulted in reaching this decision. Sue Ellen Sloca, Office of the Secretary FOIA Officer, is responsible for making this decision.

4

Exhibit 1 - DOI CorrespondencePage 8 of 14

5.  FOIA Processing Fees

The FOIA fee for the processing of your request is $72.00, calculated as follows:

    2 hours Professional Search time    @ $8.75 per ¼ hour
    1 CD    @ $2.00 per CD

However, insofar as you are entitled to receive the first two hours of search time without charge before being asked to pay for fees incurred in processing your request, your fee, after the subtraction of your entitlements, is $2.00. Insofar as your fee is less than $30.00, however, it has been waived because the cost of collection to the Office of the Secretary would have been greater than the fee collected. See 43 CFR 2.18(a).

This completes our response to your request. If you have any questions regarding our response to your request, you may contact Lizzette Katilius by phone at 202-565-1109, by fax at 202-219-2374, by e-mail at osfoia@nbc.gov, or by mail at U.S. Department of the Interior, MS 1416 MIB, Washington, D.C. 20240. Within the Office of the Secretary, we are committed to providing you, our customer, with the highest quality of service possible.

    Sincerely,

    *L. Katilius*

    Lizzette Katilius
    (Acting) OS FOIA Team Leader
          for
    Sue Ellen Sloca
    Office of the Secretary
    FOIA Officer

Enclosure

***PRIVACY ACT*** *notice: Before you choose to contact us, electronically, there are a few things you should know. The information you submit, including your electronic address, may be seen by various people. We will scan a copy of your request into our electronic OS FOIA administrative/image file. We will key the information that you provide to us into our electronic OS FOIA tracking file. We may share it with other individuals, both within and without the Department, involved in Freedom of Information Act administration. You may be contacted by any of these individuals. In other limited circumstances, including requests from Congress or private individuals, we may be required by law to disclose some of the information you submit. Also, e-mail is not necessarily secure against interception. If your communication is very sensitive, or includes personal information like your bank account, charge card, or social security number, you might want to send it by postal mail, instead.*

Exhibit 1 - DOI Correspondence Page 9 of 14    5



United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240



TAKE PRIDE
IN AMERICA

IN REPLY REFER TO:
FOIA Appeal No. 2006-061

FEB 1 4 2006

Jeff Ruch, Executive Director
Public Employees for
  Environmental Responsibility
2001 S Street, NW, Suite 570
Washington, DC 20009

Dear Mr. Ruch:

This responds to the December 13, 2005, Freedom of Information Act ("FOIA") appeal ("appeal") (**No. 2006-061**) that you filed with the Department of the Interior ("Department") on behalf of Public Employees for Environmental Responsibility. You filed this appeal because the Office of the Secretary ("OS") did not respond to your September 1, 2006, FOIA request within the time limits set in the FOIA. *See 5 U.S.C. § 552(a)(6)(A)(i)* (requiring an agency to determine within 20 workdays after the receipt of a FOIA request whether it will comply with such a request (i.e., grant or deny the request (or any portion thereof)). Your FOIA request sought documents related to the efforts of the Office of the Assistant Secretary for Fish, Wildlife and Parks to revise the Management Policies of the National Park Service.

On February 13, 2006, OS issued a response to your FOIA request (copy attached), which resolves the issue in the appeal of a failure to respond. Therefore, the Department is closing its files on this matter.

This completes the Department's response to your appeal. If you have any questions regarding this matter, please call LaRima Lane at (202) 208-5339.

Sincerely,

Darrell R. Strayhorn
FOIA Appeals Officer
Department of the Interior

cc: Lizzette Katilius, Acting OS FOIA Team Leader

Exhibit 1 - DOI Correspondence  Page 10 of 14




United States Department of the Interior
OFFICE OF THE SECRETARY
Washington, DC 20240

TAKE PRIDE®
IN AMERICA

May 4, 2006

**Via Certified Mail/Return Receipt** (7003 2260 0001 8054 0723)
Mr. Jeff Ruch
Public Employees for Environmental Responsibility
2001 S Street, N.W., Suite 570
Washington, D.C. 20009

Dear Mr. Ruch:

Please find enclosed a CD-ROM disk containing an additional release of records responsive to your FOIA request, OS-2005-00633.

If you have any questions regarding this letter, you may contact Lizzette Katilius by telephone at (202) 565-1109, or by fax at 202-219-2374, or Cindy Cafaro, Attorney-Advisor in the Solicitor's Office, at (202) 208-5216.

Sincerely,

*L. Katilius* (signature)

Lizzette Katilius
(Acting) OS FOIA Team Leader
for
Sue Ellen Sloca
Office of the Secretary
FOIA Officer

Enclosures

cc: Heather Graham-Oliver (with enclosures)

Exhibit 1 - DOI Correspondence Page 11 of 14              1

United States Department of the Interior
OFFICE OF THE SECRETARY
Washington, DC 20240



May 4, 2006

**Via Certified Mail/Return Receipt** (7003 2260 0001 8054 0723)
Mr. Jeff Ruch
Public Employees for Environmental Responsibility
2001 S Street, N.W., Suite 570
Washington, D.C. 20009

Dear Mr. Ruch:

Please find enclosed a CD-ROM disk containing an additional release of records responsive to your FOIA request, OS-2005-00633.

If you have any questions regarding this letter, you may contact Lizzette Katilius by telephone at (202) 565-1109, or by fax at 202-219-2374, or Cindy Cafaro, Attorney-Advisor in the Solicitor's Office, at (202) 208-5216.

Sincerely,

L. Katilius

Lizzette Katilius
(Acting) OS FOIA Team Leader
for
Sue Ellen Sloca
Office of the Secretary
FOIA Officer

Enclosures

cc: Heather Graham-Oliver (with enclosures)

1

Exhibit 1 - DOI CorrespondencePage 12 of 14

 United States Department of the Interior
OFFICE OF THE SECRETARY
Washington, DC 20240


May 9, 2006

**Via Certified Mail/Return Receipt** (7003 2260 0001 8054 0839)
Mr. Jeff Ruch
Public Employees for Environmental Responsibility
2000 P Street, N.W., Suite 240
Washington, D.C. 20036

Dear Mr. Ruch:

Please find enclosed a CD-ROM disk containing an additional release of records responsive to your FOIA request, OS-2005-00633.

If you have any questions regarding this letter, you may contact Lizzette Katilius by telephone at (202) 565-1109, or by fax at 202-219-2374, or Cindy Cafaro, Attorney-Advisor in the Solicitor's Office, at (202) 208-5216.

Sincerely,

*L. Katilius* (signature)

Lizzette Katilius
(Acting) OS FOIA Team Leader
for
Sue Ellen Sloca
Office of the Secretary
FOIA Officer

Enclosures

cc: Heather Graham-Oliver (with enclosures)

Exhibit 1 - DOI Correspondence Page 13 of 14     1



United States Department of the Interior
OFFICE OF THE SECRETARY
Washington, DC 20240



IN REPLY REFER TO:
7202.4-OS-2005-00633

June 6, 2006

**Via Certified Mail/Return Receipt** (7005 1820 0006 6182 0129)
Mr. Jeff Ruch
Public Employees for Environmental Responsibility
2000 P Street, N.W., Suite 240
Washington, D.C. 20036

Dear Mr. Ruch:

Please find enclosed a release pertaining to your FOIA request, OS-2005-00633.

If you have any questions regarding this letter, you may contact Lizzette Katilius by telephone at (202) 565-1109, or by fax at 202-219-2374, or Cindy Cafaro, Attorney-Advisor in the Solicitor's Office, at (202) 208-5216.

Sincerely,

Ray J. McInerney

Ray J. McInerney
OS FOIA Team Leader (Acting)
for
Sue Ellen Sloca
Office of the Secretary
FOIA Officer

Enclosure

cc:   Heather Graham-Oliver (without enclosure)
      Assistant United States Attorney
      United States Attorney's Office for the District of Columbia
      555 4th Street, N.W.
      Washington, D.C. 20530

Exhibit 1 - DOI CorrespondencePage 14 of 14