UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **Public Employees for** | ) |
| **Environmental Responsibility** | ) |
| | ) |
| | ) Civ. Act. No. 06-0182 (CKK) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) |
| **U.S. Dept. of the Interior** | ) |
| | ) |
| **Defendant.** | ) |

### DEFENDANT'S REPLY AND OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant, U.S. Department of the Interior (Interior or DOI), by and through counsel, hereby replies to Plaintiff's Opposition to Interior's Motion to Dismiss or in the alternative for Summary Judgment and opposes Plaintiff's cross motion for summary judgment[1]. Plaintiff has raised no legally sufficient challenge to the grounds for summary judgment or provided a basis for the grant of a cross motion for summary judgment. Rather, plaintiff suggests that the length of time taken by defendants to provide documents is evidence of some type of "illegality," Opposition at 7-8, and that the limited withholdings by Interior pursuant to Exemption 5 have not been proper. id. at 8. But, a motion for summary judgment adequately underpinned is not defeated simply by bare opinion or an unaided claim that a factual controversy persists. See Judicial Watch, Inc. v. HHS, 27 F. Supp. 2d 240, 243-44 (D.D.C. 1998). Accordingly, Plaintiff's Cross-Motion for Summary judgment should be denied and Defendant's dispositive motion

---

[1] Plaintiff has filed two separate documents: (1) his Opposition to Interior's dispositive motion, filed on July 1, 2006 (DKT. #8); and (2) a one-page Cross-Motion for Summary Judgment filed on July 3, 2006, incorporating fully the Memorandum of Points and Authorities contained in his Opposition (DKT. #9). Because the arguments in the two documents are the same, Defendant will address them simultaneously.

granted.

>Respectfully submitted,
>
>_____
>KENNETH L. WAINSTEIN, D.C. BAR # 451058
>United States Attorney
>
>
>_____
>RUDOLPH CONTRERAS, D.C. Bar # 434122
>Assistant United States Attorney
>
>
>_____
>HEATHER D. GRAHAM-OLIVER
>Assistant United States Attorney
>Judiciary Center Building
>555 4th St., N.W.
>Washington, D.C. 20530
>(202) 305-1334

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **Public Employees for** | ) |
| **Environmental Responsibility** | ) |
| | ) |
| | ) Civ. Act. No. 06-0182 (CKK) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) |
| **U.S. Dept. of the Interior** | ) |
| | ) |
| **Defendant.** | ) |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

1. Deny and further states that Exhibit 1 speaks for itself. See Plaintiff's Exhibit 1, p. 1.

2. Admit the substance of the September 9, 2005, letter from the Department of Interior (DOI) but Deny that PEER received no further communication from DOI regarding the matter.

3. Admit the substance of the December 29, 2005 letter from the DOI to PEER indicating that PEER's FOIA appeal had been received but deny any other allegations and/or statements contained in paragraph 3.

4. Admit only the substance of DOI's December 29, 2005 letter acknowledging receipt of PEER's letter of appeal.

5. Admit.

6. Admit.

7. Admit.

8. Admit that on March 15, 2006 a consent motion for an enlargement of time until April 13, 2006 was filed with this Court, which was granted on March 24, 2006. The motion stated that undersigned counsel for DOI, albeit mistakenly, was under the impression that any outstanding issues pertaining to PEER's FOIA request had been resolved and that the matter would be dismissed.

9. Admit only that upon the oral request of DOI, as a result of a March 28, 2006, telephone conference, PEER sent DOI a letter to clarify why it thought DOI's responses were inadequate. The written letter aided DOI in its additional search for potential records.

10. Admit only that as of April 11, 2006, DOI was involved in searching for additional records in light of the March 30, 2006, letter from PEER. As a consequence of this, the parties entered into an agreement whereby DOI would make a final production of documents on May 9, 2006, and thirty days thereafter file its motion for summary judgment. DOI never refused to produce the requested documents. DOI states that the Court's docket entries speak for themselves.

11. Deny, DOI filed a Motion to Dismiss or in the alternative for Summary Judgment.

12. Admit only that DOI made an additional release on May 4, 2006, as a result of conversations between the parties and the March 30, 2006, letter from PEER. DOI never refused to produce the requested documents.

13. Admit only that DOI made an additional release on May 9, 2006, as a result of conversations between the parties and the March 30, 2006, letter from PEER. DOI never refused to produce the requested documents.

14. Admit only that DOI made an additional and final release on June 6, 2006, as a result of conversations between the parties and the March 30, 2006, letter from PEER. DOI never refused to produce the requested documents.

15. Admit.

16. Deny. See Supplemental Declaration of Lizzette Katilius.

17. Deny. See Supplemental Declaration of Lizzette Katilius.

18. Deny. Plaintiff has failed to produce any evidence of such as is required by the Local Rules.

19. Deny. Plaintiff has failed to produce any evidence of injury as is required by the Local Rules.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

                    _____
                    RUDOLPH CONTRERAS, D.C. Bar # 434122
                    Assistant United States Attorney

_____

                    _____
                    HEATHER D. GRAHAM-OLIVER
                    Assistant United States Attorney
                    Judiciary Center Building
                    555 4th St., N.W.
                    Washington, D.C. 20530
                    (202) 305-1334

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Public Employees for<br>Environmental Responsibility<br><br>            Plaintiff,<br>       v.<br><br>U.S. Dept. of the Interior<br><br>            Defendant. | )<br>)<br>)<br>) Civ. Act. No. 06-0182 (CKK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S REPLY AND OPPOSITION**

**INTRODUCTION**

Defendant has responded to Plaintiff's request in good faith and well within the spirit and meaning of the FOIA. In some instances, DOI released documents to Plaintiff although they were exempt from disclosure under the FOIA. When DOI did so, it gave full and deliberate consideration to the interests underlying applicable exemptions and released them in the exercise of its discretion. See Supplemental Declaration of Lizzette Katilius at ¶ 11 ("Katilius" Decl.). DOI has no policy or practice of delaying its responses to FOIA requests and plaintiff has offered no competent evidence of such in general or specifically as it pertains to its request. DOI has never refused to produce documents in response to plaintiff's request. DOI contacted PEER and the parties worked together to respond fully and completely to its request.

DOI released the majority of the requested documents in full. DOI only withheld a total of five documents in part: portions of three documents pursuant to Exemption (b)(5) and portions of two documents pursuant to Exemption (b)(6). Katilius Decl. ¶ 5. Plaintiff is not contesting the Agency's withholding pursuant to Exemption 6. As the Declaration of Lizzette Katilius

evidences, the DOI's redacting of information under Exemption 5 was proper under applicable law.

## ARGUMENT

### I. DOI Properly Invoked FOIA Exemption (b)(5).

Exemption 5 of the FOIA, 5 U.S.C. § 552(b)(5), exempts from mandatory disclosure under the FOIA materials consisting of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency." In the instant case, Exemption 5 was asserted by the DOI to protect information that falls within the deliberative process privilege.

Information was withheld under Exemption 5 in two e-mails that are designated as (1) document 05-00633NPS18 and (2) document 05-00646ft. Three lines have been withheld from the first e-mail (document 05-00633NPS18)[2] and approximately six lines were withheld from another e-mail in which a different Department employee offers her initial opinion about the accuracy and perceived unfairness of an attached "news advisory," offers suggestions for rebuttals, and asks whether a particular method of responding would be appropriate (document 05-00646ft). Katilius Decl. ¶ 7.

These nine lines are predecisional and do not reflect a final decision.[3] Instead, they reflect mental processes, offer possible options for the ultimate decision maker, and contain

---

[2] The same three lines are contained in two separate e-mail strings and therefore were withheld twice (document 05-00633NPS18 and document 05-00646ga are part of the same e-mail string and the exact same information was withheld on both).

[3] Nine lines have been withheld after the July 20, 2006, discretionary release. See Katilius Decl. ¶ 12.

requests for guidance and assistance. Katilius Decl. ¶ 8. In document 05-00633NPS18, the writer is not only asking for advice on how to handle questions from a reporter but in doing so is giving options on how he thinks these questions should be answered. Additionally, these nine lines include information that was part of an overall planning framework on how to respond to the press and that ultimately led to revisions in NPS' draft management policies. These lines could be misleading to an uninformed reader because of personal error. Id. Moreover, these nine lines reflect the incomplete thoughts and views of their authors, contain predecisional and deliberative opinions, questions and recommendations. Id.

On July 20, 2006, the Department made an additional discretionary release of one full line and portions of two more lines from document 05-00646ft (document 05-00633NPS18). Katilius Decl. ¶ 12. As a result, reasonably segregable factual material has been released from all of the documents wherever possible, unless such factual information is inextricably intertwined with deliberative process material, or unless the content of the document would reveal the nature of the deliberative process. Katilius Decl. ¶ 9. The nine lines have been carefully reviewed and do not contain segregable material. Katilius Decl. ¶ 8.

The press conference referred to in document 05-00646ft was not a press conference being given by the Department. Therefore, the withheld portions of document 05-00646ft do not discuss information that was intended to be revealed during the press conference. Indeed, DOI had no involvement with the press conference, and at the time document 05-00646ft was written, DOI's possible responses to the upcoming press conference were still unclear. Katilius Decl. ¶ 10.

Lastly, Plaintiff claims that two documents appear to have been subject to redactions

without indication of any basis or exemption.  See Plaintiff's Exhibit 4.  This is not correct.  The Department has not redacted information from documents without indicating applicable FOIA exemptions.  In their original, unredacted versions, neither document 05-00646fu nor document 05-0064fz contained any recipients in their "to," "cc," or "bcc" sections.  Katilius Decl. ¶ 13.

## II.    There Is No Evidence Of DOI Having Any Policy or Practice of Illegally Delaying Its Responses to FOIA Requests.

This Court is not compelled to offer any relief to PEER.  The requested documents were produced.  In fact, DOI has never declined to produce documents; PEER and DOI conferred and agreed about when the documents would be produced and why there may be additional documents that could have been unintentionally overlooked initially.  This certainly does not evidence a violation of the FOIA.

Neither Long v. United States Internal Revenue Service, 693 F.2d 907 (9th Cir.1982), nor Payne Enter., Inc. v. United States, 837 F.2d 486 (D.C. Cir. 1988), apply to this case.  The Plaintiffs in Long were involved in litigation for a period of nearly ten years over disclosure of various documents.  The IRS conceded that the documents were not exempt from disclosure under the FOIA.  However, the IRS delayed release of the documents forcing the Plaintiffs to file FOIA lawsuits.  Long, 693 F.2d at 908.  The sole issue on appeal in Long was whether the district court properly denied the Plaintiffs' request for a permanent injunction against the IRS, prohibiting it from withholding the same type of documents in the future.  Id., at 909.  The Court stated that "where, as here, there has been a voluntary cessation of allegedly illegal conduct and thereafter prolonged delays have repeatedly hindered the timely disclosure of non-exempt documents, the district court should seriously consider (1) the likelihood of recurrence; (2)

4

weighing the good faith of any expressed intent to comply; and (3) the effectiveness, if any, of the discontinuance and the character of past violations." Id.  No illegal conduct has occurred in this case.  This was a one-time request for documents pertaining to "documents in connection with the efforts of the office of the Assistant Secretary for Fish, Wildlife and Parks to revise the management policies of the National Park Service. . . The requested documents were for the period beginning January 1, 2005 and until the date of [the request] letter."  Plaintiff's Exh. 1, p. 5.  As is conceded, all of those documents were provided within five (5) months of PEER's request.  Id.  This is not the type of situation that Long seeks to address.

   Likewise, in Payne, "from 1970 through March 1985, Payne regularly requested from the Air Force Logistics Command (AFLC) bases, and routinely received, copies of bid abstracts listing the offerors' names and aggregate offer prices for negotiated contracts once those contracts had been awarded.  Starting in March 1985, officers at several AFLC bases refused to supply Mr. Payne with copies of bid abstracts prepared in connection with contracts for which there was limited competition."  These refusals were prompted by an AFLC policy letter directing them to withhold such information.  Payne, 837 F.2d at 488.  Again, in Payne, the Air Force conceded that the bid abstracts were not subject to any Exemption.  Id., at 489.  When Mr. Payne appealed the denials of the Secretary of the Air Force, without exception, the Secretary's Office released the bid abstracts as requested.  Id.  "Indeed, the Secretary's Office expressed some irritation over the excessive number of FOIA appeals attributable to the stubborn refusal of AFLC Officers to release bid abstracts."  Id.  Mr. Payne sought to show and the Air Force conceded that the they were following an "impermissible practice" in evaluating FOIA requests and that Mr. Payne would suffer continuing injury due to this practice.  Id., at 91.  This type of

5

egregious situation is clearly not attendant herein. Plaintiff has presented no evidence of "pattern or practice," this is a one time request that has been responded to and DOI has never refused to produce the documents.

## CONCLUSION

The uncontroverted evidence demonstrates that DOI is not in violation of the FOIA and properly withheld information exempt under the FOIA. Accordingly, DOI respectfully requests that this Court grant its Motion to Dismiss or in the alternative for Summary Judgment, and enter final judgment on behalf of the defendant, and deny Plaintiff's Cross-Motion for Summary Judgment.

Respectfully submitted,

/s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/
_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
 (202) 305-1334