UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE INTERIOR, et al.,<br><br>Defendants. | Civil Action No. 06-00182(CKK) |

SUPPLEMENTAL DECLARATION OF LIZZETTE KATILIUS

I, Lizzette Katilius, hereby declare as follows:

1. I have worked in the Office of the Secretary ("OS"), United States Department of the Interior ("Department") for the past three years (initially as a contractor, and for the last two years as a Federal employee) as a Freedom of Information Act ("FOIA") Program Specialist. All information herein is based upon my personal knowledge and/or

1

experience and/or my personal review of plaintiff's FOIA request and documents or upon information furnished to me in my official capacity.

2. The Department operates a decentralized FOIA program, in which the various bureaus, activities, and agency components separately process and respond to FOIA requests addressed to them.

3. Since receiving the FOIA request that is the basis of this litigation, the OS has coordinated the search for, and the review of, documents responsive to the plaintiff's FOIA requests relating to the Department's revision of the NPS Management Policies. This review was conducted with the assistance of other components of the Department.

4. As part of my official responsibilities, I guided the Department's review of documents produced in response to the plaintiff's FOIA request. I reviewed, and supervised and/or coordinated with employees who also reviewed, each of the documents produced. Those documents that contained exempt material were disclosed to the plaintiff with the exempt portions redacted.

5. The Department now is only withholding five documents in part – portions of three documents pursuant to Exemption 5 and portions of two documents pursuant to Exemption 6 of the FOIA, 5 U.S.C. § 552(b)(5), and (b)(6). I personally reviewed each of these documents.

6. Exemption 5 protects inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency. The documents withheld in part under Exemption 5 are all internal documents; they were all created within and circulated entirely within the Department and its components.

7. The only information that has been withheld under Exemption 5 is: (1) three lines in an e-mail in which a Department employee asks for advice on how to handle questions from a reporter and whether he is the correct person to deal with the reporter (these lines are contained in two separate e-mail strings and therefore were withheld twice (document 05-00633NPS18 and document 05-00646ga)) and (2) nearly six lines from another e-mail in which a different Department employee offers her initial opinion about the accuracy and perceived unfairness of an attached "news advisory," offers suggestions for rebuttals, and asks whether a particular method of responding would be appropriate (document 05-00646ft).

8. These nine lines have been withheld under the deliberative process privilege. They are predecisional and do not reflect a final decision. Instead, they express mental processes, offer possible options for the ultimate decision maker, and contain requests for guidance and assistance. Moreover, these documents were part of the deliberative process leading to a final response on how to respond to a burgeoning controversy. They were also part of an overall planning framework that lead to revisions in NPS's draft management policies. Additionally, these nine lines include information that could be misleading to an uninformed reader because of personal error or evolution of the preparations. Additionally, these nine lines reflect the incomplete thoughts and views of their authors. The nine lines have been carefully reviewed, and it has been determined that they do not contain segregable material. In short, these nine lines contain predecisional and deliberative opinions, questions, and recommendations.

9. Reasonably segregable factual material has been released from all of the documents noted above wherever possible, unless such factual information is inextricably intertwined with deliberative process material, or unless the content of the document would reveal the nature of the deliberative process.

10. The press conference referred to in document 05-00646ft was not a press conference being given by the Department. Therefore, the withheld portions of document 05-00646ft do not discuss information that "intended to be revealed during the press conference." Indeed, the Department had no involvement with the press conference, and at the time document 05-00646ft was written, the Department's possible responses to the upcoming press conference were still unclear.

11. In some instances, the Department released documents to plaintiff although they were exempt from disclosure under the FOIA. When the Department did so, it gave full and deliberate consideration to the interests underlying applicable exemptions and released them in the exercise of its discretion.

12. On July 20, 2006, the Department made an additional discretionary release of one full line and portions of two more lines from document 05-00646ft.

13. The Department has not redacted information from documents without indicating applicable FOIA exemptions. In their originial, unredacted versions, neither document 05-00646fu nor document 05-0064fz contained any recipients in their "to," "cc," or "bcc" sections.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of July, 2006.

_____
Lizzette Katilius
Office of the Secretary
Department of the Interior