## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PUBLIC EMPLOYEES FOR          )
ENVIRONMENTAL RESPONSIBILITY  )
                              )
    Plaintiff,           )
                              )      **Civil Action No. 06-0182 (CKK)**
    v.                   )
                              )
U.S. DEPARTMENT OF INTERIOR,  )
                              )
    Defendant.           )
_____)


## PLAINTIFF'S REPLY AND OPPOSITION TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

## <u>INTRODUCTION</u>

Plaintiff, Public Employees for Environmental Responsibility (PEER), by and through counsel, hereby replies to Defendant's Opposition to Plaintiff's Cross-Motion for Summary Judgment.[1]  Defendant, Department of the Interior (DOI), raises no meritorious opposition to Plaintiff's cross-motion for summary judgment, nor has Defendant provided any legitimate defense for unlawfully withholding and delaying the release of requested documents.  Defendant erroneously claims that it has responded to Plaintiff's FOIA request in good faith and well within the spirit and meaning of FOIA and that Defendant "contacted PEER and the parties worked together to respond fully and completely to its

---

[1] Defendant has simultaneously filed three separate documents: (1) a Reply and Opposition to PEER's Cross-Motion for Summary Judgment (hereinafter Opposition); (2) Responses to PEER's Statement of Material Facts as to Which There is no Genuine Issue (hereinafter Defendant's Statement of Facts); and (3) Memorandum of Points and Authorities in Support of Defendant's Reply and Opposition (hereinafter Memorandum).  Because the arguments in these documents are similar, and because they were filed together, Plaintiff will address them simultaneously in this Reply.

request."[2]  Parties have not worked together to respond fully and completely to this FOIA request, as evidenced by PEER's filing of its complaint and the existence of this litigation.  Defendant admits it took more than five months to respond to PEER's initial FOIA request, and that it did so only 11 days after PEER filed its Complaint for Injunctive and Declaratory Relief.[3]

An agency is required to make a "determination" on any FOIA request within 20 working days of receipt.[4]  Agencies can take another ten days in "unusual circumstances."[5]  However, under no stretch of interpretation of the Freedom of Information Act is an agency allowed to take five full months to respond to a request.  The response that Defendant did send was incomplete, and to date this response has required supplementation four times.  More egregiously, after sending the initial response, Defendant sent a letter to PEER stating that its initial response to the request, albeit five months late and incomplete, had "resolved the issue" of PEER's appeal, and that "the Department [was] closing its files on the matter."[6]

Defendant now makes the erroneous claim that it has operated in good faith and within the spirit of FOIA.  At the date of this filing, it has been 11 full months since PEER's initial request, and the response is still incomplete.  This is not within the spirit of FOIA, nor can it reasonably be construed as such.  The Defendant has repeatedly violated the letter and spirit of the Freedom of Information Act, and PEER, as a public interest non-profit organization, is

---

[2] Memorandum at 1.
[3] Defendant's Statement of Facts at ¶ 6.
[4] §552(a)(6)(A)(i).
[5] §552(a)(6)(B).
[6] *Supra* note 3 at ¶ 7.

harmed by such conduct and will continue to be harmed unless injunctive relief is granted.

## ARGUMENT

### I.     DOI has Improperly Invoked FOIA Exemption 5.

DOI's obligation is to construe Exemption 5 as narrowly as possible.[7]  The purpose of the Freedom of Information Act "is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed."[8]  It is the public's interest in disclosure, and not the government's interest in secrecy, that is the basic purpose,[9] and it is because of this distinction that the 'burden is on the agency' to show that the requested material falls within a FOIA exemption."[10] In satisfying its burden, the agency may submit affidavits or declarations describing the withheld material in reasonable detail, thereby explaining why it falls within the stated FOIA exemption.[11]  In its explanation, an agency must "provide enough information, presented with sufficient detail, clarity, and verification, so that the requester can fairly determine what has not been

---

[7] 5 U.S.C.A. § 552(b)(5).  See *Providence Journal Co. v. U.S. Dept. of Army,* 981 F.2d 552 (1st Cir. 1992) (holding that after considering potential impact public disclosure might have on employee-advisor, agency decision maker, and public, court should construe Exemption 5 of Freedom of Information Act (FOIA) protecting agency memorandums or letters as narrowly as is consistent with efficient government operation); see also *Cook v. Watt,* 597 F.Supp. 545 (D. Alaska 1983) (holding that the "deliberative process" privilege under Freedom of Information Act is to be applied as narrowly as consistent with efficient government operation).

[8] *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978), quoted in *Starkey v. U.S. Dept. of Interior,* 238 F.Supp.2d 1188 (S.D. Cal. 2002).

[9] See *Dep't of the Air Force v. Rose,* 425 U.S. 352, 361, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976); *DOI v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 8, 121 S.Ct. 1060, 149 L.Ed.2d 87 (2001).

[10] *Petroleum Info. Corp. v. Dep't of the Interior,* 976 F.2d 1429, 1433 (D.C. Cir. 1992) (quoting 5 U.S.C. § 552(a)(4)(B)). *Wilderness Soc. v. U.S. Dept. of Interior,* 344 F.Supp.2d 1 (D.D.C. 2004) (finding that the Department of the Interior had improperly invoked Exemption 5).

[11] See *Summers v. Dep't of Justice,* 140 F.3d 1077, 1080 (D.C. Cir. 1998).

produced and why, and the court can decide whether the exemptions claimed justify the nondisclosure."[12]

Here, the DOI has not sufficiently explained why it has exempted some of the documents at issue.  For example, DOI redacted portions of an email communication regarding an inquiry by the editor of a news publication,[13] applying Exemption 5 and claiming "they contain requests for guidance and assistance,"[14] but released other documents containing similar discussions regarding interactions and approaches with the media.[15]  DOI has failed to provide a sufficient description, and has failed to explain why portions of some documents, and not others, have been redacted according to Exemption 5.  Thus, the Court should order release of the information being withheld.

## II.    DOI Engages in an Impermissible Practice of Delaying Its Responses to FOIA Requests.

Defendant has an unwritten established practice of delayed or incomplete responses to FOIA requests, a practice that persists here and harms the Plaintiff.  Courts have found on a number of occasions that the DOI has improperly invoked Exemption 5,[16] and has failed to provide sufficient descriptions for

---

[12] *Fiduccia v. U.S. Dep't. of Justice,* 185 F.3d 1035, 1043 (9th Cir.1999); see also *Merit Energy Co. v. U.S. Dept. of Interior,* 180 F.Supp.2d 1184 (D.Colo. 2001).

[13] DOI doc # 05-00633nps18 at 1-6.

[14] *Supra* note 2 at 7.

[15] For example, in one document (05-00646fy) DOI employees are discussing a letter to the editor of the New York Times.  In one part of the email exchange, an employee asks, "Do you think we should do a little longer version which includes the fact that we will be getting more filed input…"(05-00646fy at 1).  The response indicates that longer versions will be done and supplied to other papers.

[16] See *Wilderness Soc.,* 344 F.Supp.2d 1 (D.D.C. 2004); see also *State of Maine v. U.S. Dep't. of Interior,* 298 F.3d 60 (1st Cir. 2002); see also *Merit Energy Co.,* 180 F.Supp.2d 1184 (D.Colo. 2001).

documents withheld pursuant to Exemption 5.[17]  Defendant on previous

occasions has also been found to have improperly invoked Exemption 6,[18] to

have conducted inadequate searches for documents in response to FOIA

requests,[19] to have withheld non-exempt materials,[20] and to have generally

unlawfully withheld documents.[21]  On subjects of any significant controversy, the

DOI often takes liberties in excess of its statutory authority to delay or avoid the

timely release of documents.

DOI erroneously claims it has "no policy or practice of delaying its

responses to FOIA requests,"[22] and that this is a "one time request" of PEER's to

which DOI claims to have fully responded.[23]  This statement is contrary to the

undisputed facts of this case.  Defendant admits that on December 13, 2005,

PEER filed an administrative appeal stating that it was construing the agency's

failure to respond as a denial of its request;[24] that 11 days after PEER had to file

a Complaint for Injunctive and Declaratory Relief, Defendant sent its first

response;[25] that on March 30, 2006, PEER sent another letter to Defendant

stating that its initial response was insufficient;[26] that Defendant sent additional

---

[17] See *Sierra Club v. U.S. Dep't. of Interior*, 384 F.Supp.2d 1 (D.D.C. 2004); see also *Edmonds Institute v. U.S. Dep't. of Interior*, 383 F.Supp.2d 105 (D.D.C. 2005).

[18] See *Forest Guardians v. U.S. Dep't. of Interior*, 2004 WL 3426434 (D.N.M. 2004); see also *Oregon Natural Desert Ass'n v. U.S. Dep't. of Interior*, 24 F.Supp.2d 1088 (D.Or. 1998); see also *Alliance for Wild Rockies v. Dep't. of Interior*, 53 F.Supp.2d 32 (D.D.C. 1999).

[19] See *Defenders of Wildlife v. U.S. Dep't. of Interior*, 314 F.Supp.2d 1 (D.D.C. 2004); see also *Friends of Blackwater v. U.S. Dep't. of Interior*, 391 F.Supp.2d 115 (D.D.C. 2005); see also *The Wilderness Society v. Bureau of Land Mgt.,* 2003 WL 255971 (D.D.C. 2003).

[20] See *Oregon Natural Desert Ass'n,* supra note 18.

[21] See *Starkey,* 238 F.Supp.2d 1188 (S.D.Cal. 2002); see also *Cook,* 597 F.Supp. 545 (D.Alaska 1983).

[22] *Supra* note 2 at 1.

[23] *Id.* at 6.

[24] *Supra* note 3 at ¶ 3.

[25] *Id.* at ¶ 6.

[26] *Id.* at ¶ 9.

responses to PEER on May 4, 2006,[27] May 9, 2006,[28] June 6, 2006,[29] and July 20, 2006.[30]  Each additional response by the Defendant implies that the one previous to it was incomplete.  Four of these responses came after the Defendant sent a letter to PEER in February stating that it considered its initial February response to have "resolve[d] the issue in the appeal of a failure to respond" and that "the Department [was] closing its files on this matter."[31]  In fact, in order to obtain any records or an articulation of any FOIA exemption, PEER was forced to initiate litigation.

Defendant has an established unwritten practice of delayed or incomplete responses to FOIA requests; particularly those that involve subjects of any controversy.  This practice persists and causes injury to the PEER and will continue to cause injury unless the Court permanently enjoins DOI's practice.

The fact that Defendant's impermissible practice is informal, rather than an articulated official statement of policy, is irrelevant in the Court's consideration to offer relief to PEER.[32]  The Defendant has a "heavy burden" of showing that there is "no reasonable expectation" that this practice of delaying response will recur,[33] and if the Defendant does not meet this burden, then this Court must consider the propriety of injunctive relief.[34]  In *Payne*, the Court found that the

---

[27] *Id*. at ¶ 12.
[28] *Id*. at ¶ 13.
[29] *Id.* at ¶ 14.
[30] *Supra* note 2 at 3.
[31] *Supra* note 3 at ¶ 7.
[32] See *Payne Enter., Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988); see also *Lybarger v. Cardwell*, 577 F.2d 764, 767 (1st Cir. 1978).
[33] *Payne*, 837 F.2d at 491; *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383 (1979) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct. 894, 897 (1953)).
[34] *Id*.

government's weak assurances of future FOIA compliance, coupled with the history of the government delaying FOIA response, was not enough to meet this heavy burden.[35]  In the instant case, Defendant has provided no assurances, let alone weak ones, that its FOIA violations will not recur.  This fact coupled with the DOI's history of noncompliance, fails to meet the agency's burden.

Moreover, the Defendant, while admitting the facts of this case, fails to recognize that any FOIA violation occurred at all, at one point characterizing PEER's initial request as a "one time request…[to which] *all* documents were provided within five (5) months of PEER's request"[36] [emphasis added].  This statement, which is Defendant's attempt to distinguish this case from that of *Long v. United States Internal Revenue Service*, 693 F.2d 907 (9th Cir. 1982), directly contradicts Defendant's Statement of Facts.  In its Statement of Facts, Defendant admits that not "all" documents were provided within five months, but that additional documents were released subsequent to this initial, albeit grossly late, response – constituting not one, not two, but four additional releases made by Defendant of documents previously withheld.[37]  At the date of this filing, almost one full year has elapsed since PEER filed its initial FOIA request, and still documents, having been improperly assigned exemptions, are trickling in from Defendant, the latest dated July 20, 2006.

PEER will continue to suffer injury to its procedural rights under FOIA in the absence of this Court permanently enjoining the Defendant from repeated

---

[35] 837 F.2d at 492; see also *United States v. Aluminum Co. of America*, 148 F.2d 416, 448 (2d Cir. 1945).
[36] *Supra* note 2 at 5.
[37] See *supra* note 3 at ¶¶ 12, 13, 14; see also Memorandum at 3.

and unjustified violations of the Freedom of Information Act.  PEER is a public

interest non-profit entity that suffers economic hardship when forced into litigation

by the DOI's noncompliance.  Defendant aggravates this hardship by engaging in

the impermissible practice of attempting to comply with FOIA requirements only

after litigation is filed, in hopes of avoiding PEER being declared a "prevailing

party" and recovering attorneys' fees and costs.  The ability to recover fees and

costs in FOIA litigation "encourages participation in the government process by

those without a direct economic motivation to do so."[38]  Forcing nonprofit

agencies, such as PEER, to expend limited resources on litigation each time it

makes a FOIA request, because the DOI has failed to fully comply in a timely

manner, is directly contrary to the letter and spirit of FOIA.  Without both

compensation and a permanent injunction against the Defendant, PEER suffers

an "impairment of rights" under FOIA.[39]

　　　This Court has inherent equitable powers when it comes to FOIA.[40]

PEER, like *Payne*, relies "heavily and frequently on FOIA" to conduct work that is

"essential to the performance of certain of their primary institutional activities."[41]

PEER's daily conduct and decision-making is affected by Defendant's violations,

and therefore "the continued use by the Department of the Interior of a practice of

unreasonably delaying the release of information pertaining to FOIA requests

"has a 'direct and immediate' impact on the appellants that rises to the level of

---

[38] *Better Gov't. Ass'n. v. Dep't. of State, Nat'l Wildlife Federation v. U.S. Dep't. of Interior,* 780 F.2d 86 at 95, 250 U.S.App.D.C. 424 at 433 (D.C. Cir. 1986).
[39] *Id.*
[40] See *Long,* 693 F.2d 907 (9th Cir.1982) (reversing and remanding for consideration of injunctive relief where IRS repeatedly released requested documents after suits were filed in effort to render suits moot).
[41] *Better Gov't.,* 780 F.2d at 93 (quoting *Abbott Laboratories v. Gardner,* 387 U.S. 136, 152, 87 S.Ct. 1507, 1517, 18 L.Ed.2d 681 (1967)); see also *Payne*, 837 F.2d t 494.

hardship."[42]  This Court has the ability to repair this harm by awarding injunctive relief to PEER.

## CONCLUSION

The DOI has not acted with good faith and in the spirit of FOIA.  This Court should find that the DOI has improperly invoked FOIA Exemption 5 and order release of the documents improperly exempted.  In addition, DOI engages in an impermissible practice of delaying its responses to FOIA requests.  The Court should find that the agency has intentionally violated FOIA and issue an injunction prohibiting the agency from engaging in like practices in the future.  In light of these rulings, the Court should declare PEER to be the prevailing party and award all attorney's fees and costs of litigation.

Respectfully submitted,


/s/
Richard E. Condit
D.C. Bar #417786
Public Employees for Environmental Responsibility
2000 P Street, NW, Suite 240
Washington, D.C. 20036
Tel. 202.265.7337 x.231
Fax 202.265.4192

Counsel for PEER

Dated: August 2, 2006

---

[42] *Id.*