UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PUBLIC EMPLOYEES FOR
ENVIRONMENTAL RESPONSIBILITY,

   Plaintiff,

   v.

U.S. DEPARTMENT OF THE INTERIOR,

   Defendants.

Civil Action No. 06-182 (CKK)

**MEMORANDUM OPINION**
(November 28, 2006)

Currently pending before the Court is a Motion to Dismiss or in the Alternative for Summary Judgment filed by Defendant, the United States Department of the Interior ("DOI"), with respect to Plaintiff's action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. §522.[1]  In addition to opposing DOI's motion for summary judgment, Plaintiff has filed a cross-motion for summary judgment.  Upon a searching review of the relevant pleadings filed by each party, the attached memoranda, declarations, and exhibits, and the relevant case law, the Court shall grant Defendant DOI's motion for summary judgment and shall deny Plaintiff's cross-motion for summary judgment.

**I: BACKGROUND**

Plaintiff, Public Employees for Environmental Responsibility ("PEER") is a non-profit

---

[1] DOI has styled its motion as a "Motion to Dismiss or in the Alternative for Summary Judgment" but has only addressed the standards applicable to a motion for summary judgment under Fed. R. Civ. P. 56.  As such, the Court shall consider DOI's motion solely as one for summary judgment pursuant to Fed. R. Civ. P. 56 and shall deny DOI's motion to dismiss as moot.

organization in the District of Columbia. Compl. ¶ 3. On September 1, 2005, PEER made a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, seeking "documents in connection with the efforts of the office of the [DOI] Assistant Secretary for Fish, Wildlife and Parks to revise the Management Policies of the National Park Service" ("NPS"). Def.'s Stmt. of Mat. Facts ¶ 1; Pl.'s Stmt. of Mat. Facts ¶ 1; Pl.'s Mem. of Points and Auth. in Opp'n to Def.'s Mot. to Dismiss or for Summ. J. (hereinafter "Pl.'s Opp'n") Ex. 1 at 1 (9/9/05 Letter from DOI FOIA Officer to PEER). PEER specifically requested "copies of all documents in that office, or the offices of subordinate staff . . . of any communications with any party OUTSIDE of the Federal Government and related to the revision of NPS Management Policies" for the period beginning January 1, 2005 through September 1, 2005. *Id.*

On September 9, 2005, DOI sent a letter to PEER acknowledging receipt of PEER's FOIA request on September 7, 2005 and stating that "[b]ecause [DOI would] need to consult with one or more offices of the Department in order to process [PEER's] request, the Office of the Secretary FOIA office [was] taking a 10-working-day time extension, under 43 C.F.R. 2.13, in order to properly process [PEER's] request." Pl.'s Stmt. of Mat. Facts. ¶ 2; Pl.'s Opp'n Ex. 1 at 2 (9/9/05 Letter from DOI FOIA Office to PEER). On December 13, 2005, having not received a response to its FOIA request, PEER sent a letter to DOI informing the agency that it was construing the agency's failure to respond as a denial of its request and that it was appealing the denial. Pl.'s Stmt. of Mat. Facts ¶ 3. On December 29, 2005, PEER received a letter from DOI acknowledging receipt of PEER's December 13 appeal and indicating that DOI would "make every effort to reach a decision on [PEER's] appeal" within the 20 workday time limit imposed by the FOIA. *Id.* ¶ 4; Pl.'s Opp'n Ex. 1 at 4 (12/29/05 Letter from FOIA Appeals

Officer). On February 2, 2006, PEER filed a Complaint before this Court, seeking a declaration that DOI violated FOIA, an injunction compelling DOI to produce the requested documents, and an award of all costs and attorneys' fees. Pl.'s Stmt. of Mat. Facts ¶ 5.

On February 13, 2006, DOI replied to Plaintiff's FOIA request by sending PEER twenty-one (21) files containing forty-nine (49) pages of records. Def.'s Stmt. of Mat. Facts ¶ 2; Pl.'s Stmt. of Mat. Facts ¶ 6. The cover letter accompanying this production apologized for DOI's delay in acknowledging PEER's FOIA request and cited "[a]n extremely heavy workload in the Office of the Secretary FOIA office, together with a shortage of staff" as reasons for the "backlog of FOIA requests waiting to be processed." Pl.'s Stmt. of Mat. Facts. ¶ 6; Pl.'s Opp'n Ex.1 at 5 (2/13/06 Letter from Lizzette Katilius). On February 14, 2006, the DOI FOIA Appeals Officer sent PEER a letter stating that DOI considered the February 13, 2006 response to PEER's FOIA request to have "resolve[d] the issue in the appeal of a failure to respond" and that "the Department [was] closing its files on this matter." Pl.'s Stmt. of Mat. Facts ¶ 7; Pl.'s Opp'n Ex. 1 at 10 (2/14/06 Letter from FOIA Appeals Officer). On March 30, 2006, PEER sent DOI a letter explaining why it believed the documents provided by DOI in response to PEER's FOIA request to be insufficient. Pl.'s Stmt. of Mat. Facts ¶ 9; Def.'s Resp. to Pl.'s Stmt. of Mat. Facts ¶ 9; Pl.'s Opp'n Ex. 2 (3/30/06 Letter from PEER).[2] DOI subsequently released additional records to PEER on May 4, 2006 (an additional twenty-five (25) files totaling 58 pages, Def.'s Stmt. of Mat. Facts ¶ 3), May 9, 2006 and June 6, 2006. Pl.'s Stmt. of Mat. Facts ¶¶ 12-14; Def.'s Stmt. of Mat. Facts ¶ 4; Def.'s Resp. to Pl.'s Stmt. of Mat. Facts ¶¶ 12-14; Pl.'s Opp'n Ex.

---

[2] DOI asserts that PEER sent this letter upon the oral request of DOI, as a result of a March 28, 2006 telephone conference. Def.'s Resp. to Pl.'s Stmt. of Mat. Facts ¶ 9.

1 at 11-14. DOI withheld parts of five documents from its response – portions of three documents pursuant to Exemption 5 and portions of two documents pursuant to Exemption 6 of the FOIA, 5 U.S.C. § 522(b)(5) and (b)(6). Def.'s Stmt. of Mat. Facts ¶ 5; Pl.'s Stmt. of Mat. Facts ¶ 16.[3] DOI asserts that it has released "reasonably segregable factual material" from these five documents "wherever possible, unless such factual information is inextricably intertwined with the deliberative process material, or unless the content of the document would reveal the nature of the deliberative process." Def.'s Stmt. of Mat. Facts. ¶ 6.

On June 6, 2006, DOI filed a Motion to Dismiss or in the Alternative for Summary Judgment. DOI asserted that it was entitled to summary judgment because its "search was adequate and its redacting of information proper under applicable law." Def.'s Mem. of Points and Auths. in Support of Mot. to Dismiss or in the Alternative for Summ. J. (hereinafter Def.'s Mot.") at 6. On July 1, 2006, PEER opposed DOI's Motion, arguing that DOI "engages in a policy and practice that violates FOIA by illegally delaying its response to PEER's request until suit is filed," Pl.'s Opp'n at 7-8, and that DOI had improperly invoked FOIA Exemption 5, *id.* at 8-9. On July 3, 2006, PEER additionally filed a Cross-Motion for Summary Judgment, incorporating by reference its memorandum filed in opposition to DOI's motion for summary judgment. DOI filed a Reply and Opposition to PEER's Cross-Motion for Summary Judgment

---

[3] In its Opposition to DOI's Motion for Summary Judgment, PEER asserts that DOI improperly redacted recipients from some e-mails without indicating the basis for the redactions. Pl.'s Opp'n at 9 (citing Pl.'s Opp'n Ex. 4). In response, DOI asserted that it had made no such redactions, but rather that the e-mails cited by PEER contained no information in the fields in question. Def.'s Reply and Opp'n to Pl.'s Cross-Mot. for Summ. J. (hereinafter "Def.'s Reply") at 4. As PEER did not challenge DOI's assertion in its Reply to DOI's Opposition, the Court will assume that the issue is resolved. *See generally* Pl.'s Reply and Opp'n to Def.'s Opp'n to Pl.'s Cross-Mot. for Summ. J. (hereinafter "Pl.'s Reply").

on July 21, 2006, to which PEER filed a Reply on August 3, 2006.

## II: LEGAL STANDARD

In reviewing a motion for summary judgment under the FOIA, the Court must conduct a *de novo* review of the record. *See* 5 U.S.C. § 552(a)(4)(B). In the FOIA context, "*de novo* review requires the court to 'ascertain whether the agency has sustained its burden of demonstrating that the documents requested are not "agency records" or are exempt from disclosure under the FOIA.'" *Assassination Archives & Research Ctr. v. Cent. Intelligence Agency*, 334 F.3d 55, 57 (D.C. Cir. 2003) (quoting *Summers v. Dep't of Justice*, 140 F.3d 1077, 1080 (D.C. Cir. 1998)).

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only when there is sufficient evidence such that a reasonable juror could find for the party opposing the motion. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 251-42, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986). Furthermore, entry of summary judgment is mandated against a party if, after adequate time for discovery and upon motion, the party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). FOIA cases are typically and appropriately decided on motions for summary judgment. *Miscavige v. Internal Revenue Serv.*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F. Supp. 477, 481 n.13 (D.D.C. 1980). Under FOIA, all underlying facts and inferences are

analyzed in the light most favorable to the FOIA requester; as such, only after an agency seeking it proves that it has fully discharged its FOIA obligations is summary judgment appropriate. *Moore v. Aspin*, 916 F. Supp 32, 35 (D.D.C. 1996) (citing *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1350 (D.C. Cir. 1983)). The agency bears the burden of demonstrating that its search was adequate and in good faith. *Tarullo v. Dep't of Defense*, 170 F. Supp. 2d 271, 274 (D. Conn. 2001). A good faith search effort uses methods that can be reasonably expected to produce the information requested. *See Ogelsby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

As a general rule, an agency must make its records available to a requester under the FOIA with some exceptions. *See* 5 U.S.C. §§ 552(a)(3) & (b). The FOIA contains nine statutory exemptions under which the Government may properly withhold requested information. *Id.* § 552(a)(4)(B). The agency must demonstrate the validity of any exemption that it asserts. *See id.*; *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993) ("[c]onsistent with the purpose of the Act, the burden is on the agency to justify withholding requested documents"). An agency seeking to withhold information must provide a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply. *King v. Dep't of Justice*, 830 F.2d 210, 219 (D.C. Cir. 1987). In addition, the agency must detail what proportion of the information in a document is non-exempt and how that material is dispersed throughout the document. *Mead Data Cent. Inc. v. United States Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977). Any non-exempt information that is reasonably segregable from the requested records must be disclosed. *Oglesby*, 79 F.3d at 1178. Moreover, district courts are required to consider segregability issues even when the parties have not specifically raised such claims.

*Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1028 (D.C. Cir. 1999).

The submission of an agency declaration that describes the withheld material with reasonable specificity as well as the reasons for nondisclosure may satisfy the Government's burden. *See Campbell v. Dep't of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1998). The justifications cannot be conclusory, merely reciting statutory standards, vague, or sweeping. *King*, 830 F.2d at 219. However, "summary judgment may be granted solely on the basis of agency affidavits provided that they are clear, specific, and reasonably detailed, and there is no contradictory evidence of agency bad faith." *W. Ctr. for Journalism v. Internal Revenue Serv.*, 116 F. Supp. 2d 1, 7 (D.D.C. 2000) (citing *Hayden v. Nat'l Sec. Agency*, 608 F.2d 1381, 1387 (D.C. Cir. 1979)); *Miller v. Casey*, 730 F.2d 773, 776 (D.C. Cir. 1984).

### III:  DISCUSSION

The Freedom of Information Act requires federal agencies, in responding to a request for information, to: (1) conduct an adequate search for that information through reasonable efforts; (2) provide the information to the requestor, unless it falls within a FOIA exemption; and (3) provide to a requestor any information that can reasonably be segregated from the exempt information. 5 U.S.C. § 552(a)(3); 5 U.S.C. § 552(b). In response to PEER's FOIA request, DOI has withheld portions of five documents – three pursuant to Exemption 5 and two pursuant to Exemption 6 of the FOIA, 5 U.S.C. § 522(b)(5) and (b)(6). PEER does not challenge DOI's withholding of portions of documents under Exemption 6,[4] but asserts that DOI has improperly

---

[4] Exemption 6 applies to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." 5 U.S.C. § 552(b)(6). As PEER does not challenge DOI's reliance on Exemption 6, the Court will note only that DOI

invoked Exemption 5. In addition, PEER argues that DOI "has an unwritten established practice of delayed or incomplete responses to FOIA requests." Pl.'s Opp'n at 7-8; Pl.'s Reply at 4-9. As a result, PEER asserts that this Court should deny DOI summary judgment and should instead award PEER compensation as well as injunctive relief preventing DOI from violating the FOIA in the future. *Id.* The Court finds that DOI has met the standard for summary judgment by demonstrating that it conducted an adequate search and that it properly invoked FOIA Exception 5, and further finds that PEER's conclusory allegations of a DOI practice of violating the FOIA do not merit injunctive relief on this record.

   A.  *DOI Has Met the Standard for Summary Judgment By Conducting An Adequate Document Search*

In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Ogelsby*, 920 F.2d at 68. To obtain summary judgment on the issue of the adequacy of the records search, an agency must show "viewing the facts in the light most favorable to the requester, that . . . [it] has conducted a 'search reasonably calculated to uncover relevant documents.'" *Steinberg v. Dep't. of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). To meet its burden, the agency may submit affidavits or declarations that explain both in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Id.* at 127. An agency must

---

appears to have properly invoked Exemption 6 in withholding six lines from two documents that "detail an employee's physical ailments and medical advice concerning those ailments" and discuss DOI employees' use of leave. Def.'s Mot. at 8, Katilius Decl. ¶ 17.

show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Ogelsby*, 920 F.2d at 68; *see Campbell*, 164 F.3d at 27. An agency's search need not be exhaustive, merely reasonable. *See W. Ctr. for Journalism*, 116 F. Supp. 2d at 8 (citing *Shaw v. Dep't of State*, 559 F. Supp. 1053, 1057 (D.D.C. 1983)).

In the present case, the search was adequate and reasonable. The declarations of Ms. Lizzette Katilius, a FOIA Program Specialist in the Office of the Secretary ("OS") of the DOI, detail the process by which DOI responded to PEER's FOIA request, *see* Katilius Decls.,[5] and PEER's briefings do not dispute that the appropriate files were searched. Specifically, the OS coordinated the search for, and review of, documents responsive to PEER's FOIA request, with the assistance of other components of the DOI. Katilius Decl. ¶ 3; Supp. Katilius Decl. ¶ 3. In responding to PEER's FOIA request, DOI conduced extensive and repeated file searches of eighteen (18) offices within the OS and five (5) offices within NPS.[6] Katilius Decl. ¶¶ 5-6. Over twenty-five DOI employees searched agency records, both manually and electronically, and

---

[5] Ms. Katilius has worked in the Office of the Secretary of the DOI for the past three years as a FOIA Program Specialist. Katilius Decl. ¶ 1; Supp. Katilius Decl. ¶ 1. Ms. Katilius guided DOI's review of documents produced in response to PEER's FOIA request. Katilius Decl. ¶ 8; Supp. Katilius Decl. ¶ 4.

[6] Within the OS, the following specific offices were searched: Assistant Secretary of Fish, Wildlife and Parks; Deputy Assistant Secretary Hoffman; White House Liaison; Scheduling Office; Secretary's Chief of Staff; Office of the Science Advisor; Office of Alaska Affairs; Office of the Associate Deputy Secretary; Office of the Deputy Secretary; Office of External/Intergovernmental Affairs; Counselors to the Secretary; Office of Executive Secretariat; Regulations; Office of Congressional and Legislative Affairs; Legislative Counsel; Office of Public Affairs; Assistant Secretary Policy Management and Budget; and Assistant Secretary of Land and Minerals. Katilius Decl. ¶ 5. With NPS, the following specific offices were searched: Office of the Director; Office of the Deputy Director; Office of Policy; Office of Legislative and Congressional Affairs; and Office of Correspondence. *Id.* ¶ 6.

their search included both paper records and electronic records. *Id.* ¶ 7. These extensive searches indicate that DOI has met its FOIA burden of a reasonable, good faith search as a matter of law.

      B.     *DOI Has Carried Its Burden With Respect to the FOIA Exemptions Claimed*

An agency bears the burden of demonstrating the validity of any exemption that it asserts. *See* 5 U.S.C. § 552(a)(4)(B). So long as the agency provides the Court with materials providing a "reasonable basis to evaluate the claim of privilege," the precise form of the agency's submission -- whether it be an index, a detailed declaration, or a narrative -- is immaterial. *Gallant v. Nat'l Labor Relations Bd.*, 26 F.3d 168, 173 (D.C. Cir. 1994) (internal citations omitted). Exemption 5 permits the withholding of "interagency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). This exemption incorporates into the FOIA all the ordinary civil discovery privileges, including the attorney work product doctrine, the attorney-client privilege, and the deliberative process privilege. *A. Michael's Piano, Inc. v. Fed. Trade Comm'n*, 18 F.3d 138, 146 (2d Cir. 1994). Here, DOI relies on the deliberative process privilege to withhold from PEER a total of nine lines from three documents. 5 U.S.C. § 552(b)(5); Def.'s Reply at 7-9; Supp. Katilius Decl. ¶¶ 7-8, 12.[7]

Exemption 5 shields from the mandatory disclosure requirements of the FOIA the

---

[7] DOI originally withheld ten lines from these three documents, Katilius Decl. ¶¶ 14-15; however, on July 20, 2006, DOI made an additional discretionary release of one full line and portions of two more lines from document 05-00646ft in order to ensure that all reasonably segregable factual material had been released from all documents wherever possible, Suppl. Katilius Decl. ¶ 12; Def.'s Reply at 3. As such, DOI is now withholding a total of nine lines in reliance on Exemption 5. Supp. Katilius Decl. ¶¶ 7-8.

deliberative process that precedes most decisions of government agencies. *Envtl. Prot. Agency v. Mink*, 410 U.S. 73, 89-91, 93 S. Ct. 327, 35 L. Ed. 2d. 119 (1973); *Russell v. Dep't of the Air Force*, 682 F.2d 1045, 1047 (D.C. Cir. 1982). The exemption protects not only communications that are deliberative in nature, but all communications which, if revealed, would expose to public view the deliberative process of an agency. *Id* at 1048. This privilege is intended to protect the decision-making processes of the executive branch in order to safeguard the quality and integrity of governmental decisions. *A. Michael's Piano*, 18 F.3d at 147 (quoting *Hopkins v. Dep't of House & Urban Dev.*, 929 F.2d 81, 84 (2d Cir. 1991)) (internal citations omitted). Discussions among agency personnel about the relative merits of various positions which may be adopted are just as a much a part of the deliberative process as the actual recommendations and advice which are agreed upon. *See Mead Data*, 566 F.2d at 257. Congress created this exception in the FOIA because it believed that forcing agencies to "operate in a fishbowl" would undermine the quality of administrative decision-making by preventing the full and frank exchange of ideas on legal and policy matters. *Mead Data*, 566 F.2d at 256 (citing to S. Rep. No. 813, 89th Cong., 1st Sess. 9, and H.R. Rep. No. 1497, 89th Cong., 2d Sess. 10 (1966)). Consistent with congressional intent on the subject, this Circuit has construed Exemption 5 "as narrowly as consistent with efficient Government operation." *Wolfe v. Dep't of Health & Human Servs.*, 839 F.2d 768, 773 (D.C. Cir. 1988) (en banc) (citing *Mead Data*, 566 F.2d at 256).

For the privilege to apply under Exemption 5, this Court must determine the material to be both predecisional and deliberative. *Wolfe*, 839 F.2d at 774 (citing *Mink.*, 410 U.S. at 88, 93 S. Ct. 827). "A document is predecisional if it was prepared in order to assist an agency decision maker in arriving at his decision, rather than to support a decision already made." *Petroleum

*Info. Corp. v. Dep't of the Interior*, 976 F.2d 1429, 1434 (D.C. Cir. 1992) (citing *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184, 95 S. Ct. 1491, 44 L. Ed. 2d 57 (1975)).  At its most basic, the courts have held that a document is deliberative in nature if "it reflects the give-and-take of the consultative process."  *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).  Because Exemption 5's goal is to "prevent injury to the quality of agency decisions," the deliberative process privilege can only apply to deliberative processes the results of which are or will be agency policy.  *See Petroleum Info. Corp.*, 976 F.2d at 1434 (citing *Sears*, 421 U.S. at 151, 95 S.Ct. 1504).  Documents containing advisory opinions and recommendations, or reflecting deliberations comprising the process by which government policy is formulated are protected.  *Mead Data*, 566 F.2d at 256.  In *Coastal States*, the Court of Appeals declined to extend Exemption 5 protection to documents that did not "discuss the wisdom or merits of a particular agency policy, or recommend new agency policy." *Coastal States*, 617 F.2d at 869.

Here, DOI has withheld three lines in an e-mail "in which a Department employee asks for advice on how to handle questions from a reporter and whether he is the correct person to deal with the reporter."  Def.'s Mot. at 7; Katilius Decl. ¶ 14.[8]  PEER asserts that the information withheld from this document does not appear to offer "predecisional or deliberative opinion or recommendations," Pl.'s Opp'n at 8 and that DOI has released other documents regarding interactions with the media but has failed to explain why it redacted some, but not all, such documents.  *Id.*; Pl.'s Reply at 4.  However, as the document in question dates from September 2,

---

[8] These lines are contained in two separate e-mail strings, Def.'s Mot. at 7; Katilius Decl. ¶ 14, and as a result, DOI has withheld these lines twice, in both document 05-00633NPS18 and document 04-00646ga.  *Id.*

2005, Pl.'s Opp'n Ex. 3 at 1-6 (Document 05-00633NPS18 and Document 04-00646ga, both containing 9/2/05 e-mail from D. Barna), and the preliminary draft of the NPS Management Policies at issue was published for public review and comment on October 18, 2005, *see* National Park Service News Release, *Draft National Park Service Management Policies Released for Public Review, Comment*, (Oct. 18, 2005), http://home.nps.gov/applications/release/Detail.cfm?ID=617, the information withheld is clearly predecisional. Furthermore, the information withheld appears to be deliberative because it relates to the framing of discussions of policies under consideration by NPS and is information that DOI asserts "ultimately led to revisions in NPS' draft management policies." Def.'s Reply at 3; Supp. Katilius Decl. ¶ 8. Moreover, DOI's decision to withhold some, but not all, information relating to discussions with the media appears consistent with its duty to construe Exemption 5 "as narrowly as consistent with efficient Government operation." *Wolfe*, 839 F.2d at 773.

In addition, DOI has withheld six lines from an e-mail in which a DOI employee "offers her initial opinion about the accuracy and perceived unfairness of an attached 'news advisory,' offers suggestions for rebuttals, and asks whether a particular method of responding would be appropriate." Def.'s Reply at 2; Supp. Katilius Decl. ¶ 7. This document is dated August 26, 2005, Pl.'s Opp'n Ex. 3 at 7-9 (Document 05-00646ft, 8/26/05 e-mail from L. Harrison), which is also before the release of the preliminary draft of the NPS Management Policies at issue and therefore predecisional. Further, like the information discussed above, the information withheld from this document appears to be deliberative in that it is part of a back-and-forth discussion of

how to publicly discuss the policies under consideration by the NPS.[9]  As such, the Court concludes that DOI has met its burden of demonstrating that it properly invoked the deliberative process privilege included in Exemption 5.

      C.      *DOI Has Released All Reasonably Segregable Factual Material*

DOI may properly withhold certain materials under FOIA's enumerated exemptions; however it must release "any reasonably segregable portions" of responsive documents once it has redacted the exempted information.  *See* 5 U.S.C. § 552(b).  The segregability requirement is of such great import that this Court has an affirmative duty to engage in its own segregability analysis, regardless of Plaintiff's pleadings.  *See Billington v. Dep't of Justice*, 233 F.3d 581, 586 (D.C. Cir. 2000).  While the segregability analysis is necessary, not all material is amenable to segregation.  The United States Court of Appeals for the District of Columbia Circuit has long held that non-exempt information may be withheld if it is "inextricably intertwined" with exempt information.  *See Trans-Pacific Policing Agreement*, 177 F.3d at 1027 (quoting *Mead Data*, 566 F.2d at 260.

Here, DOI has released all but nine lines from three documents in reliance on Exemption 5, Def.'s Reply at 7-9; Supp. Katilius Decl. ¶¶ 7-8, 12, and six lines from two documents in reliance on Exemption 6, Def.'s Mot. at 8, Katilius Decl. ¶ 17.  DOI asserts that it has released "reasonably segregable factual material" from these five documents "wherever possible, unless such factual information is inextricably intertwined with the deliberative process material, or

---

[9] PEER asserts that the deliberative process privilege should not apply to this information because NPS intended to reveal the withheld information during the press conference being discussed in the e-mail. Pl.'s Opp'n at 9.  However, as DOI explains, the press conference in question was not a DOI press conference.  Def.'s Reply at 3.

unless the content of the document would reveal the nature of the deliberative process." Def.'s Stmt. of Mat. Facts. ¶ 6. PEER generally denies this statement, Pl.'s Resp. to Def.'s Stmt. of Mat. Facts ¶ 6, but does not indicate why or in what way it believes DOI has failed to properly segregate factual material. As such, the Court finds that DOI has met the segregability standard by generally releasing documents to PEER, redacting particular lines, and providing precise descriptions of the lines withheld in declarations. *See* Katilius Decl. ¶¶ 15, 17. Moreover, the Court notes that DOI's discretionary release of one full line and portions of two more lines from document 05-00646ft on July 20, 2006, Suppl. Katilius Decl. ¶ 12; Def.'s Reply at 3, indicates that DOI has taken seriously its obligation to release all reasonably segregable factual material from all documents wherever possible.

      The Court thus concludes that DOI has met its summary judgment burden by demonstrating that it fully discharged its FOIA obligations by conducting a reasonable and adequate search for documents, properly invoking applicable FOIA exemptions, and releasing all reasonably segregable factual material from responsive documents. *See Moore*, 916 F. Supp at 35 (citing *Weisberg v. Dep't of Justice*, 705 F.2d at 1350 (D.C. Cir. 1983)).

      D.    *PEER Has Not Demonstrated That DOI Maintains a Policy or Practice of Delaying Responses to FOIA Requests*

      In addition to challenging DOI's invocation of Exemption 5, PEER asserts that DOI has engaged in an "unwritten established practice of delayed or incomplete responses to FOIA requests," which has harmed PEER. Pl.'s Reply at 4. As a result, PEER argues, it is entitled to compensation as well as an order enjoining DOI from violating the FOIA in the future. *Id.* at 7-8. In support of this argument, PEER maintains that DOI did not respond to PEER's FOIA

request until more than five months after acknowledging receipt of the request, that DOI only did so after PEER filed this litigation, and that the response DOI sent PEER after more than five months was incomplete and required four supplementary releases. *Id.* at 2. PEER asserts that this alleged strategy allows DOI to "put off responses to legitimate FOIA requests until the party seeking records is able to file suit," and further that DOI engages in this alleged strategy in hopes of avoiding PEER being declared a "prevailing party," with the ensuing entitlement to attorneys' fees and costs. Pl.'s Opp'n at 7.

    PEER relies primarily on two cases in support of its argument that it is entitled to compensation and injunctive relief based on DOI's alleged policy of delay, *Payne Enterprises, Inc. v. United States*, 837 F.2d 486 (D.C. Cir. 1988), and *Long v. IRS*, 693 F.2d 907 (9th Cir. 1982). As DOI correctly notes, however, each of these cases is easily distinguishable from the situation here. In *Long*, the plaintiffs were involved in litigation with the IRS for nearly ten years over the disclosure of documents that the IRS conceded were not exempt from disclosure under the FOIA, but which the IRS nevertheless delayed releasing until after plaintiffs were forced to file FOIA lawsuits. 693 F.2d at 908. In *Payne*, officers at Air Force Logistics Command (AFLC) bases began withholding copies of bid abstracts from Payne based on an AFLC policy letter directing them to withhold such information. 837 F.2d 486, 488-89. Payne appealed the denials to the Secretary of the Air Force and the Secretary's Office released the bid abstracts without exception, determining that the claimed FOIA exemptions did not apply. *Id.* at 489. Nevertheless, certain AFLC officers continued to withhold bid abstracts from Payne, forcing him to bring a suit for declaratory and injunctive relief. *Id.* at 490. In light of this conceded "impermissible practice" on the part of the Air Force, the D.C. Circuit determined that the

granting of Payne's FOIA requests did not render his challenge moot because his was a claim that "an agency *policy or practice*" would impair his "lawful access to information in the future." *Id.* at 491 (citing *Better Gov't Ass'n v. Dep't of State*, 780 F.2d 86, 91 (D.C. Cir. 1986)).

Here, DOI released the bulk of the information responsive to PEER's FOIA request roughly five months after acknowledging receipt of that request, Def.'s Stmt. of Mat. Facts ¶¶ 1-2; Pl.'s Stmt. of Mat. Facts ¶¶ 1, 6, and thereafter released additional responsive documents on a rolling basis based on clarification from PEER as to the information sought, Def.'s Resp. to Pl.'s Stmt. of Mat. Facts ¶¶ 9-10, 12-14.  In its letter acknowledging receipt of PEER's FOIA request, DOI noted that it would "need to consult with one or more offices of the Department in order to process [PEER's] request," Pl.'s Opp'n Ex. 1 at 2 (9/9/05 Letter from DOI FOIA Officer), as its FOIA operation is decentralized, Katilius Decl. ¶ 2.  Indeed, DOI's search ultimately encompassed eighteen offices within the Office of the Secretary of the DOI and five offices within the NPS.  Katilius Decl. ¶¶ 5-6.  Furthermore, once DOI released the bulk of the responsive information to PEER, it apologized for the delay in acknowledging PEER's FOIA request, citing "[a]n extremely heavy workload in the Office of the Secretary FOIA office, together with a shortage of staff."  Pl's Opp'n Ex. 1 at 5 (2/13/06 Letter from Lizzette Katilius).  While the Court draws no conclusions as to whether DOI handled PEER's FOIA request as expeditiously as possible, although obviously outside the statutory time frame, the five-month delay experienced by PEER in this case bears no comparison to the almost decade-long delay experienced by the plaintiffs in *Long*.

Moreover, PEER is correct that *Payne* and other cases indicate that declaratory relief may be appropriate even though a plaintiff's specific claim regarding a FOIA request is moot.  *Swan*

*View Coalition v. Dep't of Agric.*, 39 F. Supp. 2d 42, 46 (D.D.C. 1999).  However, such relief is limited to instances where a defendant voluntarily ceases to engage in allegedly illegal conduct during the course of litigation or where a plaintiff challenges an illegal agency policy.  *Id.* (citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 632, 73 S. Ct. 894, 97 L. Ed. 1303 (1953) and *Houston v. Dep't of Hous. and Urban Dev.*, 24 F.3d 1421, 1429 (D.C. Cir. 1994)).  In addition, "a court will generally grant declaratory relief if 'there exists some cognizable danger of recurrent violation.'" *Id.* (citing *W.T. Grant*, 345 U.S. at 633, 73 S. Ct. 894).

Here, PEER points only to DOI's isolated response to the FOIA request at issue in this case, which by itself is insufficient to demonstrate a *policy* or *practice* of delayed or incomplete responses to FOIA requests.[10]  Indeed, the five-month delay experienced by PEER in this instance, while certainly outside the time limits imposed by the FOIA, *see* 5 U.S.C. § 552(6)(A)(I), is a far cry from the Air Force's practice of impermissibly withholding documents at issue in *Payne*.  Moreover, while the Court does not excuse DOI's five-month delay in responding to PEER's FOIA request, a sole incident of delay is insufficient to convince this Court that there exists a "reasonable expectation that the alleged violation will recur." *Payne*, 837 F.2d at 491-92 (citation and internal quotation omitted).

In light of the lack of evidence of a DOI policy or practice of violating the FOIA, or of a cognizable danger that DOI's alleged FOIA violation will recur, the Court concludes that injunctive relief is not appropriate in this case on this record.  However, it should be noted that

---

[10] PEER cites a number of cases in which courts have found that DOI improperly invoked Exemption 5 or failed to provide sufficient descriptions for documents withheld under Exemption 5, *see* Pl.'s Reply at 4-5 n.16, 17; however, these cases do not relate to, and thus provide this Court with no evidence of, a DOI policy or practice of *delayed* or *incomplete* responses to FOIA requests.

the Court is not condoning DOI's lack of compliance with the statutory time frame for responses to FOIA requests.

## IV:  CONCLUSION

For the reasons set forth above, the Court shall grant Defendant's Motion for Summary Judgment, deny as moot Defendant's Motion to Dismiss, and deny Plaintiff's Cross-Motion for Summary Judgment.  An appropriate Order accompanies this Memorandum Opinion.

Date:   November 28, 2006

                                                     /s/
                                           COLLEEN KOLLAR-KOTELLY
                                           United States District Judge